WILLIAM E. TYNES *v.* SOUTHERN PINE Co

[54 South. 885.]

PUBLIC LAND. *Swamp lands. School lands. Constitution 1868, article 8, section 6.*

In view of section 6, article 8, of the Constitution of Mississippi 1868, which provides "that there shall be established a common school fund which shall consist of the proceeds of the lands now belonging to the state, heretofore granted by the United States, and of the land known as "swamp lands" except the swamp lands lying and situated on Pearl river." The legislature had no authority to authorize the issuance of patents to a navigation company for swamp lands granted to the state, which were neither on nor near Pearl river; such lands being set aside for school purposes.

*This case was affirmed on June 27, 1910, but was remanded to the docket July 4, 1910, on suggestion of error, and continued for re-argument. The case was again argued, and lengthy suggestions of error and briefs thereon filed by Hon. Edward Mayes and Green & Green, as *amici curiae.* The suggestion of error was finally overruled March 6, 1911.

Appeal from the chancery court of Marion county.
Hon. T. A. Wood, Chancellor.

Bill by William Tynes against the Southern Pine Co. A demurrer to the bill was sustained and complainant appeals.

Appellant filed his bill of complaint in the chancery court against appellee for confirmation of his title to the land in controversy, which is deraigned from the state through the Pearl River Improvement & Navigation Company. The land is situated in Marion county, and is alleged to have been patented to the state of Mississippi by the United States under an act of congress (Act Sept. 28, 1850, chapter 84, 9 Stat. 519); and by virtue of an act of the legislature of 1871 (Laws 1871, chapter 169), entitled "An act to create the Pearl River Improvement & Navigation Company, and for other purposes," said land was patented to that company, through whom this appellant claims title.

The bill alleges that the state, after its patent to the Pearl River Improvement & Navigation Company, conveyed this land to appellee's grantor, whose claim of title this bill seeks to cancel. The bill alleges that this land is remote from Pearl river and not affected by the waters of that stream; but it is claimed that section 6, article 8, of the Constitution of 1868, was intended to embrace all swamp lands situated in the several counties lying on Pearl river, and, therefore, the act of the legislature of 1871 was not in conflict with the Constitution when it attempted to patent said swamp lands to the Pearl River Improvement & Navigation Company, since such lands had not been set aside for school purposes by the Constitution; said lands being within the exceptions contemplated by it. A demurrer to the bill was sustained, from which comes this appeal.

*L. Henington,* for appellant.

*T. M. & J. D. Miller* and *Alexander & Alexander,* for appellee.

The record in this case has been lost and the reporter is unable to give the briefs of counsel.

MAYES, C. J., delivered the opinion of the court.

There is no merit in the contention of appellant, and the decree of the court below, sustaining the demurrer and dismissing the bill, is correct.

In view of section 6, article 8, of the Constitution of Mississippi of 1868, which provides "that there shall be established a common school fund, which shall consist of the proceeds of the lands now belonging to the state, heretofore granted by the United States, and of the land known as 'swamp lands,' except the swamp lands lying and situated on Pearl river, in the counties of Hancock, Marion, Lawrence, Simpson and Copiah," etc., the act of 1871 could not authorize the issuance of patents to the Pearl River Navigation Company of the land which is in controversy in this suit. The bill itself shows that the lands are not on Pearl river, and the language of the bill is even broader than this, in that the bill expressly states that the land is neither "on nor near Pearl river." No act passed by the Legislature, in view of the article of the Constitution above referred to, could donate to anybody for any purpose land situated as was this land.

*Affirmed.*