## Becker et al. *v.* Columbia Bank.

[73 South. 798, Division B.]

1. Public Lands. *Patents. Performance of condition precedent.*

   Where a statute provided for the issuance of a patent to land on the express precedent condition that a bond should be executed and filed, and such bond was not sufficiently executed, a patent so issued was void.

2. Courts. *Rules of decision. Law of property.*

   Where the courts of this state have decided that a land patent was void, because the requirement of the precedent execution of a bond by the statute had not been complied with, such decision established a rule of property, which will govern subsequent cases involving the validity of such title.

3. COURTS. *Construction of statutes. Federal decisions. Decisions controlling.*

It is elementary that the supreme court of Mississippi above all others has the right to construe the statutes of this stae.

Appeal from the chancery court of Lawrence county. HON. R. E. SHEAHY, Chancellor.

Suit to quiet title by Columbia Bank against F. F. Becker and others. From a decree for plaintiff, defendant appeals.

Appellee was complainant in the court below, and appellants were defendants. The bill filed in the lower court prays for the cancellation of appellant's claim of title to the land in question and removal of said claim as a cloud upon complainant's title. The land in question was acquired by the state of Mississippi from United States government as swamp land, and appellee's claim of title is based upon a swamp land patent issued by the state to one Bradshaw in 1902. Appellants' claim of title is based upon a patent issued by the state of Mississippi in 1871 to the Pearl River Improvement & Navigation Company. It is claimed that this land was subsequently sold by the tax collector of Lawrence county to the state of Mississippi for taxes alleged to be due and delinquent for the year 1883, and that the state thereafter deeded the land, in 1887, to one Phillips, through whom appellants deraign title. From a decree granting the relief prayed, this appeal is prosecuted.

*P. Z. Jones,* for appellant.

Does the evidence show that no bond was filed? The bill in the paragraph beginning about the middle of page 3 and ending about the middle of page 4, of the record, contains and presents the issues around which this litigation is to be fought. This challenges the validity of the patent issued by the state to the Pearl

River Improvement & Navigation Company on June 27, 1871.

Failure to comply with the terms of the law under which the patent was issued, in that the company did not file a bond and that the bond was not approved by the Governor, and that the patent was not signed by the Governor and countersigned by the secretary of state.

The burden was on the complainants to sustain these allegations by the proof. It admitted that the state had issued a prior patent to the one under which it claimed and, unless this patent could be destroyed, the complainant would fail. It alleged that this prior patent was void because no bond was filed with the secretary of state and approved by the Governor and because the patent was not signed by the Governor and countersigned by the secretary of state.

The complainants' case must be tried on and by the issues which he presents and, if he alleges more that ordinarily is necessary, he thereby assumes the burden of proving all the charges. With this allegation, it was incumbent on the complainant to prove that (a) no bond was filed with the secretary of state, (b) that it was not approved by the Governor, (c) that the patent issued was not signed by the Governor, (d) that it was not countersigned by the secretary of state; or, failing in this, to prove the alternative proposition that the patent had been adjudicated by the courts of this state to be fraudulent.

On the same points, the complainant offered no testimony whatever. The record shows that it offered its own pleadings and the deeds under which it claimed, and an agreement as to the testimony of Becker, Dreq, and Jones. This agreement is found on pages 40 to 42 of the record, and not one word is said about the failure to file a bond, or the failure of the Governor to approve a bond, or his failure to sign a patent, or the failure of the secretary of

state to countersign the patent, nor is anything said about the fraud of the promoters of the company in procuring a patent, nor is anything said about the judgment of any court adjudicating that the patent was fraudulent.

The agreement refers to the decision of this court in *Hardy* v. *Hartman,* 65 Miss. 504, and admits that the attorney for defendants knew of this decision. But this opinion was not evidence in this case, it is the law controlling the decision of the court on the facts as presented by that particular case, and whether the defendants and their attorney would admit knowledge of it or not, they would be chargeable in law with knowledge of it because every person is presumed to know the law. So, we say there was absolutely no evidence offered by the complainant, to sustain this paragraph of its bill, and had the defendants introduced no testimony with their sworn answer, denying these allegations, under the pleadings and the evidence existing at the time complainants rested its case, a decree should have been given for defendants.

*Mounger & Ford,* for appellee.

The instant case is ruled by the decision of the supreme court of Mississippi rendered in the case of *Hardy* v. *Hartman,* reported in 65 Miss. at page 504, and for the convenient reference of the court, we set out the opinion rendered in that case, and the same is in the following words:

"It is not necessary to dispose of this case, to enter the field of observation or discussion suggested by the name of the Pearl River Navigation and Improvement Company. It is not shown by the record that the company ever made or filed the bond required by law as the foundation of its right or title to the land in controversy, nor does it appear from the record, that any patent signed by the governor and counter-

signed by the secretary of state, was ever issued to the company, for the land in question, or for any land.

The Act of 1871, by which the company was created, the contrary, it expressly provided that the patents to the lands signed by the Governor and countersigned by the secretary of state, should be issued by the state to the company, and it was made by the act a condition precedent to this being done, that the company should file in the office of the secretary of state, a bond with security, in the sum of fifty thousand dollars, and that the same should be approved by the Governor. There is a bond in the record which was filed in the office of the secretary of state and approved by the Governor, but it does not purport to be the bond of the company, and it is not, and cannot be regarded as such.

The proposition is too plain for argument, that if a patent issued for the land, without these conditions being complied with, it was void.

In this decision the court construed the act creating the Pearl River Improvement & Navigation Company, and held that by the terms of this act a valid bond signed by this company was required as a precedent step to the issuance of any patent by the state to this company and held that for want of execution of the same by this company in that it failed to sign this bond, that the patent issued for the land was absolutely void.

The appellant has filed three briefs in this case dated respectively February 17, 1916, the appellants take the position that the court's holding that the bond filed was void because not signed by the principal, was clearly and manifestly wrong, and they also contend later on in the brief, that the opinion in the case might have been right and the expression in the opinion that the patent was void was not necessary to the decision of the case, and *obiter dictum* to sustain their contention that the court in its decision in the Hardy-Hartman case was clearly and manifestly wrong.

Appellants cite the cases of *Adams* v. *Williams,* 97 Miss. 113; and *Gloster* v. *Harrell,* 77 Miss. 763. A cursory examination of the case of *Adams* v. *Williams,* will show that the supreme court held that the bond of the treasurer of a levy board was binding upon the principal, although not signed by him because of the provisions of the Code of 1892, section 3055, and Code of 1906, section 3463, which provided that such a bond if delivered as an official bond, shall be valid, even "if irregular in any respect." The case of *Gloster* v. *Harrell,* decided that a municipal's treasurer bond, although unsigned by the principal, was a valid bond under the provisions of the sections of the Code of 1906 and 1892, above quoted, and the decisions in both of the above cases was expressly made in view of the provisions of the statute. By reference to the Code provisions of the Code of 1857, page 136, article 186, which was carried forward without change in the Code of 1871, contained no such provisions as will be found in the Codes of 1890, 1892, and 1906, with reference to the execution of official bonds. There is no provision in this Code section of the Code of 1859, which was in force when this pretended bond is said to have been given, nor was there any provision in the Code of 1841 which either expressly or impliedly provide that a bond "irregular in any respect whatever" should not be construed to be a valid bond. Besides, it could hardly be contended that the bond furnished by the Pearl River Improvement & Navigation Company was an official bond. The authorities cited by appellants' counsel to support his contention that the principal's signature to the bond was not required, do not support his condition, but they simply and merely support the contention that an official bond under the provisions of the Code of 1880, 1882 and 1906, are not required to be signed by the principal in order that they be valid.

STEVENS, J., delivered the opinion of the court.

Without setting out the pleadings, the conflicting chains of title, or evidence in full, we think it well to state that the disposition of this case is controlled by *Hardy* v. *Hartman,* 65 Miss. 505, 4 So. 545. The decision of this court in the Hardy-Hartman Case has been the subject of attack more than once, and this court has uniformly declined to overrule that case. The decision established a rule of property, which should not now be disturbed. The decision was rendered by eminent jurists, who stated that:

"The proposition is to plain for argument that, if a patent issued for the land without these conditions being complied with, it was void."

The condition referred to by the court was that condition expressly provided by the statute that:

"Upon the approval and filing of said bond, said secretary of state shall, from time to time as demanded by said company, make out a patent or patents."

The bond required, according to the previous decision of our court, was not executed. It is contended by counsel for appellant that a different construction has been placed upon this act by the Federal courts, and that there should be uniformity of decision. It is elementary that this court, above all others, has the right to construe the statutes of our own state.

It is contended by counsel that the record in this case does not show noncompliance in the filing of the bond required. The record does show an agreement dictated upon the trial of the case that the bond executed was the same bond shown by the record in the Hardy-Hartman Case. It is true that the record in this case shows the issuance of a patent to the Pearl River Improvement & Navigation Company. The title thus attempted to be conveyed by this patent is now held by the appellants, and, if the bond required was not given, this title in the hands of appellants

cannot be upheld. This is a vital defect in appellants' case, which requires an affirmance of the decree entered by the trial court.

*Affirmed.*