### EDWARD HINES YELLOW PINE TRUSTEES v. MARTIN et al. *

(Circuit Court of Appeals, Fifth Circuit. January 16, 1924. Rehearing Denied February 20, 1924.)

No. 4181.

Courts ⬤367—Federal courts will follow state court decision establishing rule of real property.

Where a principle of law establishing a rule of real property has been settled in the state courts, the same rule will be applied by a federal court rather than a prior federal decision.

Appeal from the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Four bills by the Edward Hines Yellow Pine Trustees against Anna F. C. Martin and others, consolidated for trial. Decrees for defendants, and complainants appeal. Affirmed.

T. J. Wills, of Hattiesburg, Miss., and W. L. Wallace, of Lumberton, Miss. (Davis & Wallace, of Lumberton, Miss., on the brief), for appellants.

F. C. Hathorn, of Hattiesburg, Miss. (Hathorn & Williams, of Hattiesburg, Miss., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

CALL, District Judge. The appellants, as complainants below, filed four bills separately on the chancery side of the court against the individual defendants, describing pieces of property as follows:

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari granted 44 Sup. Ct. 461, 68 L. Ed. ——.

Anna F. C. Martin, the N. E. ¼ of S. E. ¼; F. C. Martin, S. E. ¼ of S. E. ¼; H. P. Lewis, S. W. ¼ of N. W. ¼; and George Lawrence, S. E. ¼ of N. W. ¼—all in section 36, township 2 south, of range 15 west, praying in each bill to have the court decree title in them and remove any claim of the defendant as a cloud upon their title. Each defendant answered the bill, denying complainants' title on various grounds and alleging title in himself or herself. These suits were subsequently consolidated and tried before the District Judge as one suit, upon the agreed statement of facts and documentary evidence, and a decree rendered whereby it was adjudged that the title to the lands was vested in the defendants, and the prayers of the bills denied.

The agreed statement of facts, among other things, stipulated that the lands in question were acquired by the state of Mississippi from the United States by Act of Congress approved September 28, 1850 (9 Stat. 519); that whatever title complainants have depends upon the patent issued to the Pearl River Improvement & Navigation Company, by the state of Mississippi, June 27, 1871, and vested in the complainants by mesne conveyances, the production of which is waived; that complainants acquired their title January 1, 1918; that whatever title defendants have was acquired through the patent issued by the state of Mississippi, December 7, 1883, to Mose Mitchell, through mesne conveyances, the production of which is waived; that the taxes on the land were paid by the predecessors in title of the defendants for the years 1892, 1903, and 1905; that the complainants or their predecessors in title paid the taxes for the remaining years from 1890 to 1922, inclusive; and that the parties do not know who paid such taxes prior to 1890.

It is further admitted that the patent to the Pearl River Improvement & Navigation Company, under which complainants claim, is the same patent involved in the cases of Southern Pine Co. v. Hall, 105 Fed. 84, 44 C. C. A. 363, and Becker v. Columbia Bank, 112 Miss. 819, 73 South. 798; but these particular lands were not involved in those suits; that there was a bond filed in the office of the secretary of state purporting to be the bond required by the Act of April 8, 1871, of the Legislature of the state of Mississippi (Laws 1871, c. 169), which bond is set out in words in the cases of Hardy v. Hartman, 65 Miss. 505, 4 South. 545, Southern Pine Co. v. Hall, and Becker v. Columbia Bank, supra. Pursuant to this agreed statement of facts, a copy of the patent to the Pearl River Improvement & Navigation Company and a copy of the patent to Mose Mitchell were introduced and filed in evidence.

The District Judge, in the trial and disposition of the cases, followed the decisions of the Supreme Court of Mississippi in the construction of the act of the Mississippi Legislature of 1871, rather than the decision of the Circuit Court of Appeals in Southern Pine Co. v. Hall, supra. In the case of Hardy v. Hartman, 65 Miss. 505, 4 South. 545, the Supreme Court of Mississippi in 1888 decided that the giving the bond required by section 5 of the act of 1871, incorporating the Pearl River Improvement & Navigation Company, was a condition precedent to the issuance of the patent provided for in said Act; that this condition precedent had not been complied with before the patent, the basis

of complainants' title, was issued to the company and therefore such patent was void and did not divest the title of the state.

The bond referred to in the agreed statement of facts is set out in the statement of the above case, and is as follows:

"Bond.

"Pearl River Improvement and Navigation Company:

"Know all men by these presents that we, Walter P. Billings, Samuel A. Vose, A. Warner, O. C. French, are held and firmly bound unto the state of Mississippi in the sum of fifty thousand dollars, to the payment of which, well and truly to be made, we bind ourselves, our heirs and executors, jointly and severally, by these presents. The condition of the above bond is such that whereas, by an act of the Legislature of the state of Mississippi, entitled 'An act to incorporate the Pearl River Improvement & Navigation Company, and for other purposes,' a company was incorporated called the Pearl River Improvement & Navigation Company, which company is charged with certain duties and bound by certain conditions in said act specified: Now, if said company will well and truly perform, or cause to be performed, all the acts and things mentioned in said act of incorporation, and comply with all the terms and conditions in accordance with the tenor and meaning of said act, then this bond to be void; otherwise, to remain in full force and effect.

"In witness whereof said persons have hereunto set their hands and seals this 7th day of April, 1871.          W. P. Billings  [Seal]
                                    "By S. A. Vose, His Attorney.
                         "S. A. Vose.    [Seal]
                         "A. Warner.    [Seal]
                         "O. C. French.  [Seal]
"Approved May 12, 1871.                    J. L. Alcorn, Governor."

The question of the validity of the patent to the Pearl River Improvement & Navigation Company was again before that Court in Becker v. Columbia Bank, 112 Miss. 819, 73 South. 798, when the court again held the patent void and declared the former decision to be a rule of property in the state. Since the decision of this case, two other cases have been before the Supreme Court of Mississippi. Edward Hines Yellow Pine Trustees v. Moore, 97 South. 552; Jackson County v. Neville, 131 Miss. 599, 95 South. 626. In these cases the court reversed the case awarding damages to the state, and affirmed the chancery decree dismissing the bill. On suggestion of error, seeking to have the court declare that the distinction drawn in that opinion between that case and Tynes v. Southern Pine Co., 100 Miss. 129, 54 South. 885, unsound, they say:

"We are not concerned here with the correctness of the decision in Hardy v. Hartman and the rule there applied, whether correct or not to titles derived through the patent issued to the Pearl River Improvement & Navigation Company, has become a rule of property and will not be departed from."

In the case of Southern Pine Co. v. Hall, 105 Fed. 84, 44 C. C. A. 363, the Circuit Court of Appeals reached the conclusion that the bond was a compliance with the statute and the patent issued to the Pearl River Improvement & Navigation Company was valid. The Supreme Court of the United States refused a certiorari in this case. 180 U. S. 639, 21 Sup. Ct. 921, 45 L. Ed. 711.

We have therefore the question whether the rule of title to real property, as decided by the Supreme Court of the state of Mississippi, should be applied in this case as was done by the District Judge. We

think that is the proper rule, and that there is no error in the decree. There cannot be two contradictory rules of title to real property dependent upon the statutes of a state. The construction of such statutes by the highest court of the state is binding upon the courts of the United States in cases not falling within some narrow exceptions. This rule of property has existed in the state of Mississippi since 1888, and, being such, it will be applied by this court in deciding cases arising under the statute. As said by the Supreme Court in the case of Jackson ex. dem. St. John v. Chew, 12 Wheat. 161, 6 L. Ed. 583:

"The inquiry is very much narrowed, by applying the rule which has uniformly governed this court, that where any principle of law, establishing a rule of real property, has been settled in the state courts, the same rule will be applied by this court, that would be applied by the state tribunals. This is a principle so obviously just, and so indispensably necessary under our system of government, that it cannot be lost sight of."

The same rule was applied in the case of James H. Suydam v. Wm. H. Williamson, 24 How. 427, 16 L. Ed. 742, and recognized by many decisions of the Supreme Court following.

The decree of the District Court is affirmed.