## WALKER *v.* THE STATE HARBOR COMMISSIONERS.

In the construction of the statutes of a State, and especially those affecting titles to real property, where no Federal question arises, this court follows the adjudications of the highest court of the State. Its interpretation is accepted as the true interpretation, whatever may be the opinion of this court of its original soundness. So held in a case where the Supreme Court of California had construed the terms " tide lands," used in a statute of that State, as applying only to lands covered and uncovered by the tides, and as not including lands permanently submerged by the waters of the bay of San Francisco.

ERROR to the Circuit Court of the United States for the District of California.

Walker brought an action of ejectment against Marks and others, the Board of State Harbor Commissioners, for certain real property situated within the limits of the city of San Francisco, State of California. The case, which was tried by the court without a jury, by consent of parties, arose as follows :

In March, 1851, the legislature of the State of California granted to the city of San Francisco an estate for ninety-nine years in certain lands covered by the tide-waters of the bay of San Francisco, situated within a designated line, described according to a map on record in the recorder's office of the county, and declared that the line thus designated should " be and remain a permanent water-front " of the city, reserving at the same time to the State the right to regulate the construction of wharves and other improvements beyond the line, so that they should not interfere with the shipping and commercial interests of the city and harbor.

The premises in controversy were situated beyond and immediately adjoining this line, and were covered by the navigable waters of the bay at the lowest tide.  If the streets, as laid down on the map of the city, were extended into the bay, the premises would form an entire block.  Two grants, together embracing the premises, were made, one in 1848, and one in 1849, by an alcalde of the pueblo of San Francisco.  Under these grants, and an act of the legislature of California, approved on the 14th of May, 1861, which it was contended, confirmed the grants, the plaintiff asserts title to the demanded premises.

The defendants, who constituted the Board of State Harbor Commissioners, were created under the act of the legislature, passed in 1863, entitled "An act to provide for the improvement and protection of the wharves, docks, and water-front of the city and county of San Francisco."  By this act and a supplement to it passed in 1864, the defendants were authorized to take possession of and hold the bay which lies along the water-front of the city and county of San Francisco, and adjacent thereto, to the extent of six hundred feet, with the privileges and appurtenances, except such portions as were held under valid leases, and of those portions when the leases expired; and to construct a street along the line of the water-front, and wharves, docks, and other improvements intended for the convenience of shipping and commerce.  In pursuance of the authority thus conferred, and for the purposes designated, the defendants took possession of the premises in controversy.

The act of the legislature upon which the plaintiff relied as confirming the alcalde grants is entitled "An act to provide for the sale of the marsh and tide lands of the State."  It confirms the sales of all such lands previously made in accordance with any act of the legislature providing for the sale of the swamp and overflowed lands of the State, with a proviso, as follows:  " That no sales of lands, either tide or marsh, *excepting alcalde grants, which are hereby ratified and confirmed,* within five miles of said cities (San Francisco and Oakland), or within one mile and one-half of the State prison

grounds aforesaid (at Point San Quentin), shall be confirmed by this act."*

The Circuit Court held that the alcalde grants under which the plaintiff claimed, were not confirmed by the act of the legislature of May 14th, 1861, and gave judgment for the defendants; and the plaintiff thereupon brought the case to this court on writ of error.

*Messrs. John E. Ward and Hall McAllister, for the plaintiff in error; Mr. T. T. Crittenden, contra:*

Mr. Justice FIELD, after stating the case, delivered the opinion of the court, as follows:

The alcaldes of the pueblo of San Francisco possessed no authority to grant any lands covered by the tide-waters of the bay. The grants, therefore, under which the plaintiff claims were inoperative to pass any title to the premises. This is admitted by counsel on both sides, and the only question presented by the record for our determination is whether the grants were confirmed by the act of the legislature of May 14th, 1861.

That question is not an open one for this court. It has received its authoritative solution by the judgment of the Supreme Court of the State. In the case of *The People* v. *Davidson*,† the question arose in that court whether the premises, upon which the defendants there had constructed a wharf, which were the same premises in controversy here, belonged to the defendants, who claimed them under the same alcalde grants and the same act of the legislature of May 14th, 1861, and the court, after full and extended consideration, held that the terms "tide lands," used in the act, applied only to lands covered and uncovered by the tides, and did not include lands permanently submerged by the waters of the bay of San Francisco; that the alcalde grants confirmed by the act were grants only of tide lands as thus defined, and did not embrace the grants under which the

---

* Statutes of California of 1861, p. 363.    † 30 California, 379.

defendants claimed, and that the premises, so far as they lay below the line of low-water mark, belonged to the State.

It is not for us to express any opinion as to what would be our construction of the act had the Supreme Court of the State never spoken on the subject. In the construction of the statutes of a State, and especially those affecting titles to real property, where no Federal question arises, this court follows the adjudications of the highest court of the State. Its interpretation is accepted as the true interpretation, whatever may be our opinion of its original soundness. It becomes a part of the statute, as much so as if incorporated into the body of it, and in following the statute as thus interpreted we only apply to a local question the law of the place. As has been often remarked, infinite mischiefs would result if, in construing State statutes affecting titles to real property, where no Federal question is involved, a different rule were adopted by the Federal tribunals from that of the State courts.

JUDGMENT AFFIRMED.