BARRETT *v.* HOLMES.

1. The right of entry of a party who claims under the treasurer's deed lands in Iowa sold for the non-payment of taxes is barred, if, within five years after the deed has been executed and recorded, he neither sues for nor takes possession of the lands.

2. A statutory provision to that effect is not in conflict with the Constitution of the United States.

ERROR to the Supreme Court of the State of Iowa.

This was an action for the recovery of real property, brought by the plaintiff in error Aug. 28, 1874, in the Circuit Court of Mills County, in the State of Iowa. He relied on a tax title based on the deed of the county treasurer to one Meads, dated Jan. 6, 1868, and recorded on the 28th of the same month; a deed from Meads to one Callanan, dated Feb. 1, and recorded March 12, 1873; and a deed from Callanan to himself, dated July 25, and recorded Aug. 3, 1874.

The defendant claimed under a bond for a deed, given by those who held the patent to the land. The bond was dated Feb. 12, 1872.

The law of Iowa prescribes how the deed of the treasurer or tax-collector for lands sold for taxes shall be executed, and its effect, as follows: —

"The deed shall be signed by the treasurer in his official capacity, and acknowledged by him before some officer authorized to take acknowledgments of deeds, and when substantially thus executed and recorded in the proper record of titles for real estate, shall vest in the purchaser all the right, title, interest, and estate of the former owner in and to the land conveyed, and all the right, title, interest, and claim of the State and county thereto, and shall be presumptive evidence in all the courts of this State, in all controversies and suits in relation to the rights of the purchaser, his heirs and assigns, to the land thereby conveyed, of the following facts: that the real property conveyed was subject to taxation for the years stated in the deed, &c., and shall be conclusive evidence of the following facts: that all things whatever required by law to make a good and valid sale, and to vest the title in the purchaser, were done," &c. Iowa Rev. 784; Code, 807.

The following statute of limitation was in force in Iowa when the tax deed under which the plaintiff in error claimed bore date, and when the suit was brought : —

" No action for the recovery of real property sold for the non-payment of taxes shall lie, unless the same be brought within five years after the treasurer's deed is executed and recorded as above provided (Rev. 784; Code, 807): *Provided*, that where the owner of such real estate sold as aforesaid shall, at the time of such sale, be a minor, or insane, or convict in the penitentiary, five years after such disability shall be removed shall be allowed such person, his heirs or legal representatives, to bring such action." Iowa Rev. 700; Code, 902.

The defence was the limitation of five years prescribed by the statute above quoted.

Upon the trial of the cause in the State Circuit Court, the jury returned special findings, from which it appeared that Love, the ancestor, who was the only defendant when the suit was brought, and who had died after its commencement, took possession of the land in controversy in March, 1872, and continued in possession until the trial, in November, 1875, and that the parties who during that period held the tax title to the land had no knowledge of such possession until June, 1874. The land was unoccupied and unimproved until the possession taken by Love.

There was a general verdict for the defendant, upon which judgment was entered.

The plaintiff appealed to the Supreme Court of the State, where he claimed that upon the conceded facts of the case, as above recited, and the findings of the jury, the five years' Statute of Limitations above quoted did not begin to run until there was an adverse possession of the land by the former owner or one claiming under him, and that if not thus construed the statute was in conflict with the Constitution of the United States.

The Supreme Court of Iowa found that the constitutional question was involved, but upheld the statute, and affirmed the judgment of the State Circuit Court. This writ of error is prosecuted to reverse that judgment.

*Mr. George G. Wright* for the plaintiff in error.

The ruling of the court below, that the Statute of Limitation of five years began to run from the time the treasurer's deed was executed and recorded, irrespective of the question of adverse possession, and that the entry of the former owner at any time before that period has expired, bars the right of the purchaser at the tax sale, is inconsistent with the language and obvious meaning of the statute and the later decisions of that court. Iowa Rev. 790; Code, 902; *Peck* v. *Sexton*, 41 Iowa, 566; *Lockridge* v. *Daggett*, 47 id. 679; *Moingona Coal Co.* v. *Blair*, 51 id. 447.

It not only deprives the plaintiff in error of his property without due process of law, but impairs the contract of purchase from the State.

Since it is a universal rule that an action for the recovery of real property, whether called "ejectment," or "an action of right," or what else, cannot be brought unless there is an adverse possession, it is clear that this action could not be brought until there was a mature right to enforce it in the proper court, and by the appropriate remedy. It follows, therefore, that under the laws of Iowa there could not be such mature right, nor was the appropriate remedy afforded, until the plaintiff's right to possession was denied, either by an actual adverse holding, or some act equivalent thereto. Blackwell, Tax Titles, 566.

A title is not barred by the mere failure to bring suit within the time limited; but there must have been an adverse possession. *Neddy* v. *State*, 8 Yerg. (Tenn.) 249; *Smith* v. *McCall*, 2 Humph. (Tenn.) 163; *Rice* v. *Nelson*, 27 Iowa, 148; *Waln* v. *Shearman*, 8 Serg. & R. (Pa.) 357.

A right without a remedy is unknown to the law. The statute cannot begin to run until there is an entry or possession which challenges the right of the owner. In other words, the entry must unequivocally denote an intent to take or assume actual possession. *Altemas* v. *Campbell*, 9 Watts (Pa.), 28.

There can be no such thing as an acquiescence in an adverse claim which will defeat a recovery, until such claim be asserted by entry. A party relying upon the bar of the statute must show that he has held the premises, not only by a

possession actual, open, and adverse, but that he has maintained it. as a right resulting from an exclusive property in and dominion over them for the time limited by the statute. 3 Wash. Real Prop. 483 ; *McNamee* v. *Moreland*, 26 Iowa, 96 ; *Hollenbeck* v. *Riley*, 35 id. 105 ; *Larum* v. *Wilmer*, id. 244.

The tax sale under the statute had the effect of giving to the purchaser an original title, divesting all former interest in the land, and vesting in him an independent and paramount legal and equitable title in fee. By it a new and perfect title was established. This results from the authority of the State to levy taxes on property within her limits, and coerce payment by subjecting it to sale. It is one of the necessary and inherent rights of the sovereign power. Rev. 2207 ; Code, 1928; *Atkins* v. *Hinman*, 7 Ill. 449 ; *Dunlap* v. *Gallatin County*, 15 id. 7 ; *Irwin* v. *Trego*, 22 Pa. St. 368 ; *Luffborough* v. *Parker*, 16 Serg. & R. (Pa.) 351.

The formal execution and record of the tax deed which is the source of the title of the plaintiff in error being for land unoccupied, drew after it the possession, and it was unnecessary for him to bring an action, or do anything to vindicate his title or right to possession until another challenged it by entering into actual possession, or doing something in law which is equivalent thereto. *Dean* v. *Earley*, 15 Wis. 100 ; *Parish* v. *Eager*, id. 532 ; *Whitney* v. *Marshall*, 17 id. 174 ; *Gunnison* v. *Hoehne*, 18 id. 268.

In declaring that " no action for the recovery of real property sold for the non-payment of taxes shall lie unless brought within five years after the treasurer's deed is executed and recorded," the legislature could not have intended to prevent an action after the expiration of five years, in cases in which it was impossible that any measures could be taken in this form of action for the recovery within that time. The term "recovery" implies an adverse proceeding through the medium of the law, and the action for such recovery is utterly impracticable under the Iowa statute, except where there is an actual adverse possession. The owner of the tax title being by his purchase seised of the premises, theretofore and then unoccupied, could not be divested of the possession until entry by the

former owner or some one claiming title.  Until then an action·
for the recovery did not accrue.  *Waln* v. *Shearman, supra;*
*Jackson* v. *Huntley*, 5 Johns. (N. Y.) 60 ; *Jackson* v. *McKee*,
8 id. 429. ·

No counsel appeared for the defendant in error.

Mr. Justice Woods, after stating the case, delivered the
opinion of the court.

The Supreme Court of Iowa has, by several decisions, con-·
strued the five years' Statute of Limitations, which is set up as
a defence in this case, to apply to an action brought by one
claiming under a tax deed, as well as to one brought by the·
original owner of the land.· *Brown* v. *Painter*, 38 Iowa, 456 ;
*Laverty* v. *Sexton*, 41 id. 435.  And the court so ruled in this
case.  See *Barrett* v. *Love*, 48 id. 103.

By these decisions the Supreme Court of the State has ·
established a rule of property in the State of Iowa which is
binding on this and other courts of the United States.  *Jack-*
*son* v. *Chew*, 12 Wheat. 153 ; *Beauregard* v. *New Orleans*, 18
How. 497 ; *Suydam* v. *Williamson*, 24 id. 427 ; *Nichols* v. *Levy*, ·
5 Wall. 433 ; *Williams* v. *Kirtland*, 13 id. 306.

So far, therefore, as this point is concerned, it must be con-
sidered as settled. ·

But the court further held that the limitation began to run
at the time of the execution and recording of the tax deed,
irrespective of the question of adverse possession, so that, if at
any time during the period of five years, no matter how near
its close, the former owner takes actual possession, and holds
until the expiration of the five years from the date of the
·execution and recording of the tax deed, the right of the pur-
chaser at the tax sale is completely barred.

The plaintiff in error claims that when thus construed the
statute is in conflict with the Constitution of the United States :
first, because it deprives the purchaser at a tax sale of his·
property without due process of law; and, second, because it
impairs the obligation of the contract of purchase, of which '
the statute in force when it was made forms a part.  Art. 5,
Amendments to the Constitution, and sect. 10, art. 1.

The argument of the plaintiff in error is that the purchaser

at a tax sale cannot bring suit to recover the land purchased by him until the former owner, or some one else, takes adverse possession; and as no such possession may be taken until just before, or even after, the expiration of the five years, his right to the land is cut off without giving him his day in court, and the obligation of the contract contained in his deed, and the law under which it was executed, is impaired.

We do not think that the premise from which this conclusion is drawn is true in point of fact, nor, if it were, that the conclusion would follow.

The Iowa statute (Rev. 3601; Code, 3273) declares that "an action to determine and quiet the title of real property may be brought by any one having or claiming an interest therein, whether in or out of possession of the same, against any person claiming title thereto though not in possession."

The Supreme Court of Iowa, in this case, held that the bringing of an action under the section first quoted would be an action for the recovery of the property, and would interrupt the running of the five years' Statute of Limitation. *Barrett* v. *Love*, 48 Iowa, 103.

The fact, therefore, that the lands are unoccupied during the five years succeeding the execution and recording of the tax deed is no obstacle to the bringing of a suit which would interrupt the running of the limitation.

But even if no such action could be brought, we think that the purchaser at a tax sale is not deprived of any of the rights conferred on him by his purchase and deed, by reason of the construction put upon the five years' Statute of Limitation.

The right of the legislature to prescribe what shall be the effect of a tax sale and deed cannot be questioned. The legislature of Iowa, in the enactments brought to our notice in this case, has exercised that right with great liberality to the purchaser at the tax sale. It has made his deed presumptive evidence of certain facts and conclusive evidence of others; it has declared that it shall vest in him all the estate of the former owner and of the county and State in the premises. But it has also declared, in effect, that the deed shall not support an action for the recovery of the land unless the suit

therefor is brought within five- years after the treasurer's deed
is executed and recorded.   When, therefore, the purchaser at a
tax sale receives the treasurer's deed, he takes it with all the
advantages and disadvantages incident thereto.   He knows
precisely its effect, and what ·he must do to protect his title
under it, for all this is plainly written in the law.   If there
should turn out· to be an insuperable obstacle to his estab-
'lishing his title to unoccupied lands, he cannot· complain, for
the whole subject was under the legislative control, the rules
affecting his title- were proclaimed in advance, and he bought
with his eyes open.   He took the risk- of being able to make
his deed effectual under the rules prescribed by the legislature.
He gets all he bargained for.   So that when the Statute of
Limitation cuts him off, he having, as he imagined, been unable
to bring his suit for want of a party in adverse possession, he
has been deprived of no right which he ever possessed.

The legislature might have declared that the title of the
purchaser at the tax sale should be divested without his con-
sent by the repayment to him within a prescribed period, by
the former owner,·of the amount of his bid, or the tax and the
interest and penalty thereon.   · The·right to redeem the title of
lands sold· for·taxes is one commonly reserved, and the right
is favored by the policy of the law.   *Dubois·* v. *Hepburn*, 10
Pet. 1; *Corbett* v. *Nutt*, 10 Wall. 464; *Gault's Appeal*, 33
Pa. St. 94; *Rice* v. *Nelson*, 27 Iowa, 148; *Schenk* v. *Peay*,
1 Dill. 267; *Masterson* v. *Beasley*, 3 Ohio, 301; *Jones* v. *Col-
lins*, 16 Wis. 594; *Curtis* v. *Whitney*, 13 Wall. 68.   But it
would scarcely be contended that such statute deprived the
purchaser of his property without due process· of law, or im-
paired the obligation of his contract of.purchase.

But under the Iowa law the purchaser at a tax sale, who can
find no one in possession against whom to bring his suit, has
a plain way to make his title indefeasible, and·that is by taking
possession· himself.

When the section prescribing the effect of the treasurer's
deed and that prescribing the five years' limitation are con-
sidered together, ·the policy of the law is plain, and no cause
of complaint is left the purchaser at tax sale.   The effect of
the two sections is this, ·that the party holding under ·the tax

deed must within five years either himself take actual possession of the property, or within the same period bring a suit to recover possession ; and, upon his failure to do either, his action upon his deed shall be barred.

When thus considered, the law violates no contract and deprives the purchaser at the tax sale of no estate or property to which he had a right. He bought subject to a condition, with explicit warning that if he did not comply with it, his deed should become ineffectual to support an action. Failing to perform the condition, he is left without remedy, but also without just ground for complaint.

We see no error in the record.

*Judgment affirmed.*