## J. C. HARDY ET AL. *v.* F. H HARTMAN.

1. GRANT OF LAND. *Condition precedent. Title passes, when.*

An act of the legislature which grants certain State lands, but requires that the grantee shall, within a stated time, file in the office of Secretary of State a prescribed bond, to be approved by the Governor, and that upon the filing and approval of such bond a patent for the lands, signed by the Governor and countersigned by the Secretary of State, shall issue to the grantees named in the act, "which patent shall vest the fee simple of said lands in" such grantee, does not divest the State of title to such lands until the issuance of the patent, after filing and approval of the bond required.

2. SAME. *Bond and patent provided for. Bond in question insufficient. Effect as to patent. Case in judgment.*

An act of the legislature, which became a law on the 27th of March, 1871, granting certain lands to the P. R. I. & N. Co., in consideration of certain public services to be performed, provided that the company should, within sixty days after the passage of the act, file a bond for $50,000, conditioned as therein prescribed; and that, "upon the approval and filing of said bond," the Secretary of State "shall make out a patent or patents, which patent or patents shall be signed by the Governor and countersigned by the Secretary of State, which patent or patents shall vest the fee simple to said lands in said company." A bond was filed within the sixty days allowed by the act, signed by four individuals, but not signed or sealed by the company or by any one claiming to be its agent. *Held*, that such

bond is not the bond of the P. R. I..& N. Co., and as the giving of the bond prescribed by the act was a condition precedent to the company's right to a patent, if any was issued upon the bond referred to above, it is void.

3. SAME.   *Issuance of patent.   Evidence.*

Proof made, as recited by the bill of exceptions sent to this court, "that a patent issued to said company for the lands in controversy," does not show the issuance of such a patent as was provided for by the legislative act above mentioned, where neither the original or any copy of such patent was offered in evidence.

APPEAL from the Circuit Court of Lincoln County.

HON. J. B. CHRISMAN, Judge.

This is an action of ejectment, brought by F. H. Hartman, to recover of J. C. Hardy and others a certain tract of land.

The plaintiff, in support of his claim of title, put in evidence a patent from the State to himself, dated October 1, 1885, and conveying the land sued for.

And the defendants, in defence of their claim of title, adduced in evidence, as the bill of exceptions recites, "A certified copy taken from the records of the office of the Swamp Land Commissioner of the State, showing that the lands in controversy were sold to the Pearl River Improvement and Navigation Company on the 8th day of April, 1871, by an *Act approved April 8, 1871*, and that a patent issued to said company for the lands in controversy, June 27th, 1871, which copy was in due and regular form and properly authenticated and certified." The defendants also introduced in evidence a certified copy of the list of lands in Lincoln county sold to the State for the taxes of 1874, and a certified copy of the list of lands in that county sold to the State on the 10th of May, 1875, under the Abatement Act; and each of said lists embraced the land in controversy. Then the defendants introduced in evidence a deed from the Auditor of Public Accounts, dated March 13th, 1877, and conveying this land to them.

The defendants put in evidence a duly authenticated copy of an instrument in the following language :

" BOND.

" Pearl River Improvement and Navigation Company.

"Know all men by these presents, that we, Walter P. Billings, Samuel A. Vose, A. Warner, O. C. French, are held and firmly bound unto the State of Mississippi in the sum of fifty thousand dollars, the payment of which well and truly to be made, we bind ourselves, our heirs and executors, jointly and severally, by these presents. The condition of the above bond is such, that whereas by an Act of the Legislature of the State of Mississippi, entitled, 'An Act to incorporate the Pearl River Improvement and Navigation Company, and for other purposes,' a company was incorporated called the Pearl River Improvement and Navigation Company, which company is charged with certain duties and bound by certain conditions in said act specified. Now, if said company will well and truly perform, or cause to be performed, all the acts and things mentioned in said act of incorporation, and comply with all the terms and conditions in accordance with the tenor and meaning of said act, then this bond to be void, otherwise to remain in full force and effect.

"In witness whereof said persons have hereunto set their hands and seals this 7th day of April, 1871.

W. P. BILLINGS [Seal.]
(by S. A. Vose, his attorney.)
S. A. VOSE [Seal.]
A. WARNER [Seal.]
O. C. FRENCH [Seal.]

"Approved May 12th, 1871.
J. L. ALCORN, Governor."

Attached to the bond was the affidavit of the subscribers thereof, that they "are worth the penalty of the above bond," etc. No patent, or copy of a patent, conveying the land in dispute from the State to the Pearl River Improvement and Navigation Company was put in evidence.

The judgment was in favor of the plaintiff and the defendants appealed.

By Section 2 of an act of the Legislature, approved March .12th, 1852, entitled : " An Act to provide for the appropriation of the swamp and overflowed lands on the Pearl River, to the

Commissioners of said river hereinafter to be appointed, for the draining of said swamp lands, and for other purposes," it was enacted, viz. : " That the swamp and overflowed lands, lying and situated on Pearl River, in the above-named counties, and included in the grant of such lands made by Act of Congress, of. September 28th, A.D. 1850, to this State, be and the same are hereby transferred and granted to the Commissioners of the Southern District of Pearl River, and their successors in office, for the purpose of reclaiming and draining said swamp and overflowed [lands] by ditching, leveeing, or removing obstructions from said river."

In 1871, the Legislature passed " An Act to incorporate the Pearl River Improvement and Navigation Company, and for other purposes." By section 4 of this act the Pearl River Improvement and Navigation Company were " declared to be legal and lawful successors of the board of commissioners appointed in pursuance of said act of March 12th, 1852, and, as such successors, vested with all the rights, properties, claims, and demands, real, personal and mixed, belonging to said board or under their control."

By section 5, of the act of 1871, it was provided : " That said company shall within sixty days after the passage of this act, file in the office of the Secretary of State a bond in the sum of fifty thousand dollars, with two or more good sureties, who shall make oath that they are worth the penalty of the bond over and above all liabilities and exemptions, which sureties shall reside in this State, to be approved by the Governor, and upon the approval and filing of said bond, said Secretary of State shall, from time to time as demanded by said company, make out a patent or patents for said land to said company, which patent or patents shall be signed by the Governor and countersigned by the Secretary of State, which patents shall vest the fee simple of said lands in this company : provided, nothing in this section shall be construed to require patents to issue for any lands heretofore sold to legal purchasers," etc.

Calhoon & Green, for the appellants.

We submit that under the act of 1871 the title passed to the Pearl River Nav. Co., and that the lands were taxable. If the

act creating the Pearl River Nav. Co. and its entry of the lands were voidable by proper proceedings, still, until the State took such proceedings, such voidable title would be good as against third persons. Suffice it that the proper mode to avoid a title is not by a declarative act of the legislature.

*R. H. Thompson,* for the appellee.

I contend that the land in controversy never became liable to taxation until it was patented as swamp lands to appellee.

It will be seen that the appellants contend that the lands in suit, under the Act of 1871, passed to the Pearl River Improvement and Navigation Company, and thereby became taxable. I deny both branches of the proposition. I insist that the land did not pass to the Pearl River Improvement and Navigation Company.

By the terms of the Act of 1871, the land was not to be granted until the Pearl River Improvement and Navigation Company should give the $50,000 bond provided for in the third section.

The record discloses the fact that this bond was never given. True, that Billings, Vose, Warner and French executed a bond; but the company was never bound thereby. No suit could have been maintained thereon and judgment obtained against the Pearl River Improvement and Navigation Company. It will not do to assume (such a conclusion would be a mere assumption) that the company authorized the filing of the bond shown in evidence. It follows, therefore, that a condition precedent to the passing of the State's title was not complied with. It matters not that Governor Alcorn approved the pretended bond; it is by no means certain that he undertook to approve the bond as the one required under the law being considered; but, if he did, his approval was and is without effect.

The State can part with its lands only in the manner authorized by law. No officer has any warrant of authority to convey the State's property save the power to be found in the law itself. When that is violated or its conditions precedent ignored, title does not pass.

No sort of argumentation can make the paper offered in evidence the bond required by law; no skill in argument can

make that the bond of the company upon which no judgment can be rendered against the company.

PER CURIAM:

It is not necessary to dispose of this case, to enter the field of observation or discussion suggested by the name of the Pearl River Navigation and Improvement Company. It is not shown by the record that the company ever made or filed the bond required by law, as the foundation of its right or title to the land in controversy, nor does it appear from the record, that any patent signed by the Governor and countersigned by the Secretary of State, was ever issued to the company, for the land in question, or for any land.

The act of 1871, by which the company was created, did not divest the State of title to the land; but on the contrary, it expressly provided that the patents to the lands signed by the Governor and countersigned by the Secretary of State, should be issued by the State to the company, and it was made by the act a condition precedent to this being done, that the company should file in the office of the Secretary of State, a bond with security, in the sum of fifty thousand dollars, and that the same should be approved by the Governor. There is a bond in the record which was filed in the office of the Secretary of State and approved by the Governor, but it does not purport to be the bond of the company, and it is not, and cannot be regarded as such.

The proposition is too plain for argument, that if a patent issued for the land, without these conditions being complied with, it was void.

*Affirmed.*