## GREENWOOD v. STATE. (4 Div. 948.)

(Court of Appeals of Alabama. April 22, 1924.)

1. Homicide ⬳257(1)—Evidence held insufficient to convict accused of assault to murder.

Evidence which did not connect accused with the pistol or the shooting of deceased until after latter had been killed *held* insufficient to sustain conviction for assault to murder.

2. Criminal law ⬳364(4)—What accused said after another fired fatal shot held not evidence connecting accused with killing.

Where deceased and defendant were fighting, and, without any evidence of a preconcerted plan, T. appeared and without word shot

---

deceased, who thereupon ran, the difficulty then ending, *held* that what transpired after that could not be a part of res gestæ unless it was some act in continuance of the difficulty, so that after the shot was fired it was not evidence connecting accused with the killing that he said to T., "Give me the pistol and I will kill him."

Appeal from Circuit Court, Pike County; Arthur E. Gamble, Judge.

Leonard Greenwood was convicted of assault to murder, and appeals. Reversed and remanded.

George M. Grant, of Troy, for appellant.

Defendant was due the affirmative charge, and its refusal was error. Turner v. State, 97 Ala. 47, 12 South. 54.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There was ample testimony to sustain a conviction, and the affirmative charge was properly refused to defendant.

SAMFORD, J. [1, 2] The defendant was indicted jointly with one Tom Greenwood on a charge of murder. On the trial Tom Greenwood was convicted of murder, and defendant in this appeal was convicted of assault to murder.

The facts necessary to a determination of this appeal are as follows: The defendant and one Alto Wheeler were engaged in a mutual rencontre, the facts leading up to which would not justify a verdict of assault to murder against defendant, nor is such claimed by the state independent of the act of shooting. The trial judge took this view of the case in his general charge, instructing the jury:

"If Leonard and Alto Wheeler were simply engaged in a fight and without any knowledge or connivance on the part of defendant Tom, and Tom came in and shot, why that would not render Leonard responsible for the deed and act of Tom."

While the two parties were so engaged in the difficulty and without any evidence of a preconcerted plan, Tom Greenwood came up from another place, not having theretofore been present at the difficulty, and, without word or preliminaries, shot and killed Alto Wheeler, one of the combatants. All agree that upon being shot, Alto ran, and that that ended the difficulty. What transpired after that could not be a part of the res gestæ, unless it was some act in continuance of the difficulty. Therefore, after the shot was fired that killed Alto and Alto had run, it was not evidence in any way connecting defendant with the killing, that defendant said to Tom, "Give me the pistol, and I will kill him." The defendant was charged with having killed deceased by shooting him with a pistol. The evidence fails to connect defendant with the pistol or the shooting, until after de-

ceased had been killed. Turner v. State, 97 Ala. 57, 12 South. 54.

This defendant was entitled to the general charge. In refusing to give such charge, as requested, the court committed error.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.