EDWARD HINES YELLOW PINE TRUSTEES *v.* ANNA F. C. MARTIN ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 363. Argued May 1, 1925.—Decided May 25, 1925.

1. Where a construction of a state statute affecting title to real estate has been repeatedly determined by decisions of the state courts and thus established as a rule of property in the State, the federal courts will follow those decisions without inquiring into the justice and sufficiency of the rule as an original proposition. P. 462.

2. Petitioners claimed title to land in Mississippi under a patent issued to a corporation under an act of the state legislature incorporating it and providing that the corporation should, within 60 days after the passage of the act, file with the Secretary of State a bond in a specified amount "with two or more good securities," and that, upon approval and filing of the bond, patents should be issued, upon demand of the company, signed by the Governor and countersigned by the Secretary of State. The State Supreme Court having repeatedly decided that a patent so issued was void because the bond filed and approved was executed by individuals only and not by the corporation and was therefore not a compliance with the statute, *held* that the rule thus established should be followed in a case arising in the federal court. P. 457.

296 Fed. 442, affirmed.

CERTIORARI to a decree of the Circuit Court of Appeals which affirmed a decree rendered by the District Court for the respondents in consolidated suits to quiet title brought by the petitioners.

*Mr. T. J. Wills,* with whom *Mr. T. W. Davis* was on the briefs, for petitioners.

*Mr. Fleet C. Hathorn,* with whom *Messrs. William H. Watkins* and *Clayton D. Potter* were on the briefs, for respondents.

Mr. JUSTICE STONE delivered the opinion of the Court.

Petitioners, complainants below, filed four bills in equity in the United States District Court for the Southern District of Mississippi against four different defendants to remove cloud on title of four plots of land separately described in the several bills. The suits thus brought were consolidated and tried by the District Court as one, upon an agreed statement of facts and documentary evidence, and a decree was rendered adjudging that the title to the lands in question was in defendants and denying the prayer of the bill. On appeal to the Circuit Court of Appeals, the decree was affirmed. 296 Fed. 442.

The lands in question were acquired by the State of Mississippi from the United States under Act of Congress approved September 28, 1850. Petitioners' title depends upon the validity of a patent issued June 27, 1871, by the State of Mississippi to the Pearl River Improvement & Navigation Company, a corporation from which petitioners derived their title by mesne conveyances. The title set up by the defendants was acquired by mesne conveyances under a second patent describing the same lands, issued by the State of Mississippi to Mitchell, December 7, 1883. The Mississippi Legislature, by Act approved April 8, 1871, incorporated the Pearl River Improvement & Navigation Company and provided that that company

should "within sixty days after the passage of this Act, file in the office of the Secretary of State a bond in the sum of $50,000, with two or more good securities," and that upon the approval and filing of the bond, "the said Secretary of State shall from time to time as demanded by said company make out a patent or patents which shall be signed by the Governor and countersigned by the Secretary of State, which patents shall vest the fee simple in said lands in this company." Within sixty days, the company filed a bond, executed by four individuals only, in the sum specified, and conditioned on the performance by the company of all duties imposed on it by the Act of April 8, 1871. The bond was approved by the Governor, and the patent of June 27, 1871, describing the lands referred to in that statute, including the lands involved in this litigation, was issued, signed by the Governor and countersigned by the Secretary of State.

The validity of petitioner's title depends upon the determination of the question whether the bond filed by the company was a compliance with the provisions of the statute so as to render operative the patent issued by the officials of the State to the company as a valid conveyance of the fee of the lands in question. Whether or not the bond was a compliance with the statute and the legal effect of the patent so far as other lands embraced within its description are concerned, are points which have been several times passed upon by the state courts of Mississippi and, once before the present litigation, were considered by the United States Circuit Court of Appeals for the Fifth Circuit.

In *Hardy* v. *Hartman*, 65 Miss. 504 (1888), which was an action of ejectment, the court, although referring to the fact that it did not appear from the record that any patent signed by the Governor and countersigned by the Secretary of State was ever issued to the company for the land in question, nevertheless rested its decision on its

holding that the Act of April 8, 1871, required, as a condition precedent to the validity of any patent issued pursuant to it, that the company should file in the office of the Secretary of State its own bond in the amount specified; that by filing a bond executed by individuals it had not complied with the condition and the patent was accordingly void.

In *Southern Pine Co.* v. *Hall,* 105 Fed. 84, decided in 1900, suit was brought as in the present case, to quiet the title of a plaintiff claiming under the company. In that case the Circuit Court of Appeals for the Fifth Circuit held that the true meaning of the statute, confirmed by the contemporary construction of it on the part of the Governor and the Secretary of State by their action in issuing the patent, was that the company should file a bond in the specified amount insuring an indemnity to the State in that amount. Having complied with the requirements of the statute by filing the approved bond of four solvent individuals, residents of the State, the patent issued to the company by the State of Mississippi was held to be valid and to pass a fee to the patentee.

In *Becker* v. *Columbia Bank,* 112 Miss. 819, decided in 1917, which was also a suit to quiet title of lands claimed under the patent of 1871, the Supreme Court of Mississippi reaffirmed the principle of its decision in *Hardy* v. *Hartman, supra,* saying that that " decision established a rule of property which should not now be disturbed " and that the failure to comply with the requirements of the statute as interpreted in *Hardy* v. *Hartman, supra,* rendered the purported patent to the company void and that the patentee took no title under it.

In *Edward Hines Yellow Pine Trustees* v. *State ex rel. Moore* (1924), 134 Miss. 533, the Supreme Court of Mississippi again affirmed and adopted the view laid down in *Hardy* v. *Hartman, supra,* saying at p. 534:

" We are not here concerned with the correctness of the decision in Hardy *v.* Hartman, supra, and the rule there

applied, whether correct or not, to titles derived through patents issued to the Pearl River Improvement & Navigation Company has become a rule of property and will not now be departed from."

The validity of titles derived under the same patent to the company appears to have been upheld in the case of *Hines et al., Trustees* v. *Martin* by the Supreme Court of Mississippi, decided without opinion February 4, 1924. 99 So. Rep. 825.

In all these cases the question ruled upon was whether the bond filed by the company complied with the requirements of the statute and whether the filing of a bond satisfying those requirements was a condition precedent to the execution of the patent and the vesting of title in the patentee. An answer to these questions involved an interpretation of the state statute and the application of it, as interpreted, as a rule of property determinative of rights in titles to land within the State. Both the meaning of statutes of a State and the rules of the unwritten law of a State affecting property within the State are peculiarly questions of local law to be ascertained and established by the state courts. For that reason federal courts ordinarily hold themselves bound by the interpretation of state statutes by the state courts. *Walker* v. *State Harbor Commissioners,* 17 Wall. 648; *Barrett* v. *Holmes,* 102 U. S. 651; *Greekie* v. *Kirby Carpenter Co.,* 106 U. S. 379, 385; *McArthur* v. *Scott,* 113 U. S. 340; *Schley* v. *Pullman Car Co.,* 120 U. S. 575, 580; *Bucher* v. *Cheshire Railroad Co.,* 125 U. S. 555; *Ridings* v. *Johnson,* 128 U. S. 212, 224; *Heath* v. *Wallace,* 138 U. S. 573; *Bauserman* v. *Blunt,* 147 U. S. 647; *Balkam* v. *Woodstock Iron Co.,* 154 U. S. 177; *American Land Co.* v. *Zeiss,* 219 U. S. 47; *Quong Ham Wah Co.* v. *Industrial Accident Commission,* 255 U. S. 445; *North Laramie Land Co.* v. *Hoffman, ante,* p. 276; and follow rules of property declared by state courts; *Jackson ex dem St. John* v. *Chew,*

12 Wheat. 153; *Suydam* v. *Williamson,* 24 How. 427; *Williams* v. *Kirtland,* 13 Wall. 306; *League* v. *Egery,* 24 How. 264; *Smith Purifier* v. *McGroarty,* 136 U. S. 237; *Warburton* v. *White,* 176 U. S. 484..

When questions affected by the interpretation of a state statute or a local rule of property, arise in a federal court, that court has the same authority and duty to decide them as it has to decide any other questions which arise in a cause, and where state decisions are in conflict or do not clearly establish what the local law is, the federal court may exercise an independent judgment and determine the law of the case. See *Pease* v. *Peck,* 18 How. 595, 598; *Burgess* v. *Seligman,* 107 U. S. 20; *Barber* v. *Pittsburgh, etc., Railway,* 166 U. S. 83, 99; *Kuhn* v. *Fairmont Coal Company,* 215 U. S. 349. This Court has refused to follow a rule established only by single state decision, rendered after the rights involved in the case in the federal court accrued, *Kuhn* v. *Fairmont Coal Co., supra,* or a single decision when not satisfied that it is conclusive evidence of the state law. *Barber* v. *Pittsburgh, etc., Railway Co.,* 166 U. S. 83, 99. In *Burgess* v. *Seligman, supra,* this Court refused to follow decisions of the state court conflicting with a previous decision of the United States Circuit Court, in that case, with respect to the interpretation of a state statute, fixing the liability of stockholders of a corporation organized under the laws of the State as applied to a stockholder who was a non-resident of the State and who acquired his interest in the stock outside of the State. But where the rule is one affecting title to real estate within the State and has been repeatedly determined by decisions of state courts so that it is established as the law of the State, there has been no departure from the rule that the federal courts will follow the decisions of the state courts. *Jackson ex dem St. John* v. *Chew, supra; Green* v. *Neal,* 6 Pet., 291; *Suydam*

v. *Williamson*, 24 How., 427; *Walker* v. *The State Harbor Commission*, 17 Wall. 648; *Barrett* v. *Holmes*, 102 U. S. 651. And this is the rule even though the state rule is not approved. *Walker* v. *The State Harbor Commissioner, supra; Bucher* v. *Cheshire Railway Co.*, 125 U. S. 555; *Balkam* v. *Woodstock Iron Co.*, 154 U. S. 177. To avoid the uncertainty and injustice which result from " the discordant element of a substantial right and which is protected in one set of courts and denied in the other, with no superior to decide which is right " (*Brine* v. *Insurance Company*, 96 U. S. 627), this Court has not hesitated, when there has been a conflict of decision between it and the state courts affecting a rule of property within the State, to overrule its own decisions and to follow the state decisions, once it has become evident that they have established a " rule of property " as the settled law of the State. *Green* v. *Lessee of Neal,* 6 Pet. 291; *Suydam* v. *Williamson, supra; Fairfield* v. *County of Gallatin*, 100 U. S. 47; *Roberts* v. *Lewis*, 153 U. S 367, 376. And see *Bauserman* v. *Blunt, supra*, overruling a decision of the Circuit Court antedating a conflicting decision of the state court. We are, therefore, constrained in the present case to accept the view of the state courts as announced by them without inquiring, as an original proposition, into the justice and sufficiency of the rule which we follow.

In the argument before this Court, petitioners relied upon the effect of c. 118 of the Laws of Mississippi of 1873 as validating his title. This was a private act of the legislature of Mississippi which relieved the Pearl River Improvement & Navigation Company from some of its obligations under the Act of April 7, 1871, upon certain payments to be made by it to the state treasury, and provided that "all acts, deeds and proceedings whatever of the Pearl River Improvement & Navigation Company be and the same are hereby legalized, ratified and confirmed."

This appears to be the first occasion in the course of this litigation on which the existence of this statute and the claim of right under it by the petitioners, have been brought to the attention of the court, although it appears to have been before the state court, but not commented on, in *Becker* v. *Columbia Bank, supra* and *Hines Yellow Pine Trustee* v. *Martin, supra.* It is not referred to in the record here. By the agreed statement of facts the Act of April 8, 1871, and the patent issued to the Company are the only suggested source of title in the petitioners. No reference is made to the Act of 1873 in the assignments of error. The record gives no information as to the existing situation at the time it was passed; as to what lands had been conveyed by the Company or what lands retained. We are left uninformed as to whether the Company made the payments stipulated for in the statute. This Court is a court of review and it will not consider questions not raised or disclosed by the record brought to it for a review and which were not considered by the courts below. *McClellan* v. *Carland,* 217 U. S. 268, 283; *Bass, etc., Ltd.* v. *Tax Commission,* 266 U. S. 271, 285. And see *Davis* v. *Currie,* 266 U. S. 182 and *United States Fidelity & Guaranty Co.* v. *Woolridge, ante* p. 234.

In these circumstances, the petitioners can not be heard to claim anything in these cases under the Act of 1873, and beyond this, we decide nothing in respect to it.

Judgment of the Circuit Court of Appeals is

*Affirmed.*