## MINNEAPOLIS STEEL & MACHINERY CO. v. FEDERAL SURETY CO.

District Court, D. Minnesota, Fourth Division.
November 17, 1927.

No. 1058.

Courts ⬥⟫368—On retrial, court must follow decision of appellate court reversing its judgment, though state statute on which it was based has since been given contrary construction by Supreme Court of state.

Where a judgment of a federal court has been reversed by the appellate court, the decision of that court is the law of the case on a retrial, and the trial court may not disregard it, though the state statute on which it was based has since been given a contrary construction by the Supreme Court of the state.

At Law. Action by the Minneapolis Steel & Machinery Company, against the Federal Surety Company. Trial to court, and judgment for defendant.

See, also, 17 F.(2d) 242.

Lewis Severance, of Minneapolis, Minn., for plaintiff.

Ware & Melrin, of Minneapolis, Minn., for defendant.

JOHN B. SANBORN, District Judge. The plaintiff had furnished material to a public contractor in the state of Montana, who had agreed to furnish, at his own expense, the material and labor used in the construction of a highway bridge. He had given a bond to the state, upon which the defendant was surety, conditioned for the faithful performance of the contract and the payment for labor and material. The facts are fully set forth in Federal Surety Co. v. Minneapolis Steel & Machinery Co. (C. C. A.) 17 F.(2d) 242. The contractor did not pay the plaintiff, and it brought suit and recovered judgment in this court. On a writ of error, the Circuit Court of Appeals reversed this court, holding "that the bond, interpreted in accordance with the statutory provisions and the decisions of the state of Montana, created no obligation in favor of the Minneapolis Company which it may enforce in its own name in an action either at law or in equity."

That decision was filed January 4, 1927. On April 13, 1927, the Supreme Court of Montana, in Gary Hay & Grain Co. v. Fidelity & Deposit Co. of Maryland, 255 P. 722, held that such a bond, under the state law and decisions, does create an obligation in favor of any one furnishing material, which he may enforce in his own name. The case, in pursuance of the mandate from the Circuit Court of Appeals, has now been retried upon exactly the same record as was before presented both to this court and to the Circuit Court of Appeals upon the writ of error. It is insisted by the defendant that the decision of the Circuit Court of Appeals is binding upon this court upon this new trial, and by the plaintiff that the law as established by the Supreme Court of the state of Montana must prevail.

The defendant seeks to distinguish the facts in this case from those in the case decided by the Supreme Court of Montana, on the ground that in that case there was a promise by the contractor to pay laborers and materialmen contained in the contract, while in this case the contract did not contain any such promise. It does appear, however, that the contractor here agreed to furnish material at his own expense, which would seem to imply an obligation to pay for it. On principle it seems to me the cases are identical.

It is, of course, true that federal courts will follow the interpretation put upon state statutes by the courts of the state. Keith, Former Collector, v. Johnson, Administratrix, 271 U. S. 1, 8, 46 S. Ct. 415, 70 L. Ed. 795, 44 A. L. R. 1432; Bauserman v. Blunt, 147 U. S. 647, 13 S. Ct. 466, 37 L. Ed. 316; Edward Hines Yellow Pine Trustees v. Martin, 268 U. S. 458, 45 S. Ct. 543, 69 L. Ed. 1050; Old Colony Trust Co. v. Omaha, 230 U. S. 100, 33 S. Ct. 967, 57 L. Ed. 1410; Messinger v. Anderson, 225 U. S. 436, 32 S. Ct. 739, 56 L. Ed. 1152. It is equally true that, as a general rule, where a case has been decided by the trial court, and the trial court has been reversed by an appellate court, upon a new trial the trial court is bound by the law as established by the appellate court. Tyler v. Magwire, 17 Wall. (84 U. S.) 253, 21 L. Ed. 576; Guarantee Co. of North America v. Phenix Ins. Co. (C. C. A.) 124 F. 170; Mutual Reserve Fund Life Ass'n v. Ferrenbach (C. C. A.) 144 F. 342, 7 L. R. A. (N. S.) 1163; Haley v. Kilpatrick (C. C. A.) 104 F. 647; Board of Com'rs of Ouray County v. Geer (C. C. A.) 108 F. 478. The Circuit Court of Appeals has established the law of this case, and, regardless of the decision of the Supreme Court of Montana, this court has no discretion, except to follow the decision of the Court of Appeals, whether it be right or wrong. It is possible that that court would have power to overrule or disregard its former decision, if convinced that it was erroneous, or, at any rate, the Supreme Court of the United States would not be bound by it. Messinger v. Anderson, supra; 4 C. J. 1099. It will not do for this court to overrule the decision of the Circuit Court of Appeals, although it is my opinion that, were it not for their decision, the plaintiff would be entitled to judgment.

I find generally in favor of the defendant; that it is entitled to judgment that the plaintiff take nothing by its action and for costs and disbursements. Judgment may be entered accordingly.

The plaintiff, having moved for judgment in its favor on the sole ground that the evidence would support no other conclusion, is allowed an exception to the denial of its motion.