## OIL PRODUCTS CORPORATION OF MIS-SISSIPPI v. CONNER et al.*

### No. 7878.

Circuit Court of Appeals, Fifth Circuit.

May 28, 1936.

Earl Brewer and William H. Hewitt, both of Jackson, Miss., for appellant.

J. A. Lauderdale, J. Morgan Stevens, Harry M. Bryan, Marcellus Green, Garner W. Green, and F. B. Jackson, all of Jackson, Miss., for appellees.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

The issues presented on this appeal may be best shown by a brief statement of the undisputed facts appearing from the record, as follows:

On December 5, 1924, the board of trustees of the State Insane Hospital executed an oil and gas lease on some 1,300 acres of state land in Hinds County, Miss., on which the hospital was located, to Mrs. Ella Rawls Reader, for a consideration of $1 and an agreement to develop the land for oil and gas, retaining a royalty of one-eighth. On May 14, 1925, Mrs. Reader, who had become Mrs. Stokeley, assigned the lease to the Standard Shale Products Corporation. In November, 1926, the Attorney General of Mississippi brought a suit against Mrs. Stokeley and her assignee to cancel the lease on the grounds that its provisions had not been complied with and that the hospital board was without authority to execute it. An answer was filed relying upon the lease. This defense was stricken by the lower court as insufficient in law and not amendable. An appeal was taken to the Supreme Court of Mississippi. In a well-considered opinion, handed down on February 13, 1928, Stokely v. State ex rel. Knox, Atty. Gen., 149 Miss. 435, 115 So. 563, that court ruled the question presented for decision was whether the hospital board was authorized to execute the lease, and held that the lease was in effect a conveyance of an interest in the land and the hospital board had no power to execute it. For some reason not shown, a mandate did not issue out of the Supreme Court. After the suit above referred to was filed, the state hospital removal, improvement and land sale commission was created by chapter 115, Laws of 1926. This commission was given authority to sell and lease the hospital's land and to approve existing leases. An application was made to this commission for approval of the lease to Mrs. Stokeley, but no action was ever taken thereon by the commission. On March 25, 1930, the lease was assigned by the Shale Corporation to Oil Products Corporation of Mississippi, of which Mrs. Stokeley was president. Some work of development was done by Mrs. Stokeley and her assignees. A well was driven and encountered oil and gas pockets, but it was not completed and brought in as a producer, and work was stopped owing to financial difficulties caused by uncertainty as to the lease. By chapter 114 of the Laws of 1932 the state mineral lease commission was created, consisting of the Governor, the Attorney General, and the land commissioner, with authority to dispose of state lands. This commission superseded the state hospital removal, improvement and land sale commission, and was vested with the same authority. On September 27, 1932, the state mineral lease commission advertised for bids for leases on state lands, including those leased to Mrs. Stokeley by the hospital board. Thereafter this suit was brought to enjoin members of the state mineral lease commission from doing any act that would impair or invalidate the lease to Mrs. Stokeley. The case was referred to a master

*Rehearing denied July 13, 1936.

who heard the evidence and filed a report. On a hearing of exceptions to the report, the District Court held that the decision of the Supreme Court of Mississippi interpreting the statute dealing with the authority of the hospital board was binding in the federal courts, citing Edward Hines Yellow Pine Trustees v. Martin, 268 U.S. 458, 45 S.Ct. 543, 69 L.Ed. 1050, and entered a decree dismissing the bill. From that judgment this appeal was taken.

Extended discussion is unnecessary. It is well settled that the federal courts must follow the decisions of the court of last resort of a state interpreting local laws. The ruling of the Supreme Court of Mississippi that the lease conveyed an interest in the land is in conformity with the jurisprudence of every state in the Union with which we are familiar, except Louisiana. Technically, the judgment in that case, although it was between the same parties and involved the same subject-matter, may not be res adjudicata, because the judgment of the lower court was not made final by sending down a mandate. However, the opinion of the Supreme Court of Mississippi announced a rule of local law which we are content to follow. There could be no doubt that the hospital board was without authority to act in granting the lease. We concur in the ruling of the District Court.

The record presents no reversible error.

Affirmed.

WALKER, Circuit Judge, concurred in the disposition of this case, but died before the opinion was handed down.