286 F.2d 81
 Leatha Evans HARDWICK, Appellant,
v.
Dr. Newton C. SMITH; and Drs. Newton C. Smith, Bruce G. Smith, Thomas L. Hill, Carl O. Stensaas, and George C. Meek, a co-partnership, doing business as the Meek-Stensaas Clinic, Appellees.
 No. 6504.
 United States Court of Appeals Tenth Circuit.
 January 5, 1961.
 
 Pat Warnick, Wichita, Kan. (Alan B. Phares, Wichita, Kan., was with him on the brief), for appellant.
 W. A. Kahrs, Wichita, Kan. (Robert H. Nelson, H. W. Fanning and Richard C. Hite, Wichita, Kan., were with him on the brief), for appellees.
 Before BRATTON, PICKETT and BREITENSTEIN, Circuit Judges.
 PICKETT, Circuit Judge.
 
 
 1
 On March 7, 1958, the plaintiff, a citizen of Texas, was injured in an automobile accident near Arkansas City, Kansas. She was treated in a hospital at Arkansas City by the defendants, d/b/a Meek-Stensaas Clinic, until she was dismissed as cured on March 18, 1958. This action was filed on March 4, 1960, and the Clerk of Court prepared the summons on March 5, 1960. The record indicates that the United States Marshal received the summons on March 22, 1960, and service was made on the same day. The trial court held that the Kansas statute of limitations barred the action, and sustained the defendants' motion for summary judgment.
 
 
 2
 In diversity actions such as this, federal courts are bound by the statute of limitations of the state where the cause of action arose. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A. L.R. 1231; Merchants Transfer & Warehouse Co. v. Ragan, 10 Cir., 170 F.2d 987, affirmed 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520. It is conceded that under the provisions of Section 60-306, Kan. Gen.Stat., 1949, the action is barred unless commenced within two years after it accrued. Section 60-308, Kan.Gen. Stat., 1949, provides:
 
 
 3
 "An action shall be deemed commenced within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant who is a joint contractor, or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof within the meaning of this article when the party faithfully, properly and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."
 
 
 4
 Clearly, the cause of action accrued not later than March 18, 1958, and would be barred unless the action was commenced within two years from that date. The question presented is whether the filing of the action and the preparation of a summons by the clerk, prior to the expiration of the two year period, is to be deemed the commencement of an action within the meaning of Section 60-308.
 
 
 5
 We see no material difference between this case and Merchants Transfer & Warehouse Co. v. Ragan, supra, [170 F. 2d 992] where it was said that "an analysis of the Kansas decisions leaves no doubt that an action such as this is barred unless commenced by the filing of an action and the issuance of summons and service thereof on the defendant, all within the two-year period, or the issuance and service of an alias summons upon the defendant within sixty days of the expiration of the two-year period where no service was obtained on the original summons." See also Ziegler v. Akin, 10 Cir., 261 F.2d 88.
 
 
 6
 The plaintiff contends that, regardless of what we thought the Kansas law was on the subject at the time Ragan was decided, it is now settled that actual service of summons on the defendant is not necessary to toll the statute of limitations. In Mingenback v. Mingenback, 176 Kan. 471, 271 P.2d 782, 789, in determining whether an action had been commenced within the statute of limitations, the court said:
 
 
 7
 "It has long been the rule of this court that when an action is filed and summons issued, or an affidavit for publication filed within the period of limitation and the plaintiff faithfully, properly and diligently endeavors to procure service, the action is deemed commenced as of the date of the filing of the action, provided service of summons or first publication is actually had within sixty days * * *."
 
 
 8
 This statement appears to be contrary to the holding of the Kansas cases relied upon in Ragan, from which this court concluded that the meaning of Section 60-308 is as though it read: "An action for the purpose of tolling the statute of limitations shall be deemed commenced as to each defendant as of the date on which the summons is served on him."[1] In view of the apparent uncertainty and confusion of the Kansas decisions as to the meaning of the statute, we feel constrained to follow our former decision until there is a clear pronouncement by the Supreme Court of Kansas of a contrary rule. Concordia Ins. Co. of Milwaukee v. School Dist., 282 U.S. 545, 51 S.Ct. 275, 75 L.Ed. 528; Edward Hines Yellow Pine Trustees v. Martin, 268 U.S. 458, 45 S.Ct. 543, 69 L.Ed. 1050.[2]
 
 
 9
 Furthermore, it appears from the Mingenback case that the statute is not tolled unless the action is filed and summons is issued within the statutory period. Here the action was filed and the summons prepared by the clerk before the time expired, but the summons was not delivered to the Marshal for service until after the expiration of the two-year period, and no attempt to accomplish service was made within the period. We find no Kansas cases on the subject, but it is the prevailing rule that the issuance of a summons is not complete until the summons is prepared by the clerk and delivered to the officer or person authorized to serve it, with the intention of having it served. Baker v. Sisk, Okl.D.C., 1 F.R.D. 232; Pilgrim Distributing Corp. v. Galsworthy, Inc., 79 Ohio App. 529, 74 N.E.2d 579, affirmed 148 Ohio St. 567, 76 N.E.2d 382;[3] 42 Am.Jur., Process, § 7; 72 C.J.S., Process, § 5. If the Mingenback decision is to the effect that an action is commenced within the meaning of the statute when summons is issued within the period of limitation and served within 60 days thereafter, we conclude that the summons in this case was not issued within two years after the cause of action accrued.
 
 
 10
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 In support of this statement there are quotations from Green v. McCracken, 64 Kan. 330, 67 P. 857, and State of Kansas v. Alexander, 84 Kan. 393, 114 P. 241. The conflict is emphasized by the fact that some of the decisions relied upon in the Mingenback case are cited in the Ragan case
 
 
 [2]
 In Edward Hines Yellow Pine Trustees v. Martin, 268 U.S. 458, 463, 45 S.Ct. 543, 545, 69 L.Ed. 1050, the court said:
 "When questions affected by the interpretation of a state statute or a local rule of property, arise in a federal court, that court has the same authority and duty to decide them as it has to decide any other questions which arise in a cause, and where state decisions are in conflict or do not clearly establish what the local law is, the federal court may exercise an independent judgment and determine the law of the case."
 
 
 [3]
 The Kansas Statute was adopted from the Ohio Code, and Oklahoma, in turn, adopted the Kansas Code. See Wells v. Shriver, 81 Okl. 108, 197 P. 460, 479