## Glasgow v. Hill.

*Fixtures—Trade fixtures—Ice plant—Evidence—Question for jury—Replevin.*

In an action of replevin to recover a steam engine, dynamo and pump, it appeared that the defendant in the replevin owned land on which was erected an ice plant, which he operated. Under a judgment against the defendant in the replevin the land and plant were sold, and a deed made to plaintiff therefor. Shortly after the execution of the deed, the defendant removed from the plant the property which was the subject of the replevin. Over two years prior to the sale, the defendant secured a charter for a corporation, and made a proposition to sell the ice plant to the corporation, which the latter accepted and took possession of the property, and continued the ice business. The transaction, however, was not consummated at the time of the execution of the deed. to plaintiff, and the charter of the corporation was not recorded until after the writ of replevin had been issued. There was evidence that the chattels in question had been purchased and installed by the corporation, while in possession of the premises. There was also evidence that they had been put into the plant to supply the place of similar· machinery owned by defendant, which had been worn out. It appeared that the articles in question were attached to the freehold connected with the other machinery, and were absolutely necessary to the operation of the plant. *Held,* that it was for the jury to determine whether the chattels were the property of the corporation placed in the plant as trade fixtures, and that a verdict and judgment for the plaintiff should be sustained.

Argued May 16, 1905. Appeal, No. 18, April T., 1905, by Hill Ice Manufacturing Company, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1901, No. 799, on verdict for plaintiff in case of Andrew E. Glasgow v. Samuel W. Hill. Before BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Replevin to recover chattels. Before FRAZER, P. J.
The facts are stated in the opinion of the Superior Court.
Verdict and judgment for plaintiff.

*Errors assigned* amongst others were (1) in refusing binding instructions for the Hill Manufacturing Company.

*E. J. Smail,* for appellant.—It was clearly proven by the uncontradicted testimony of the president and secretary of appellant company that the three machines were purchased and

paid for by it, were necessary to conduct the business, were set up in the usual way (necessarily firmly attached to the realty) and were placed by express agreement with Mr. Hill that they remained the property of said company and did not become a part of the realty, and the company had a right to remove them.   The facts being uncontradicted, it was the duty of the court to construe the law : Benedict v. Marsh, 127 Pa. 309.

A fixture erected by a tenant on demised premises for the purpose of carrying on his trade is personal property and may be removed by him or levied on by fieri facias against him, and at his death passes to his executor : Lemar v. Miles, 4 Watts, 330 ; White's App., 10 Pa. 252 ; Van Ness v. Pacard, 27 U. S. 137 ; Shell v. Haywood, 16 Pa. 523 ; Harlan v. Harlan, 20 Pa. 303.

Unquestionably the intention to annex, whether rightfully or wrongfully, is the true legal criterion : Hey v. Bruner, 61 Pa. 87, Meigs's Appeal, 62 Pa. 28, Seeger v. Pettit, 77 Pa. 437, Justice v. Nesquehoning Valley R. R. Co., 87 Pa. 28 ; Harmony Bldg. Association v. Berger, 99 Pa. 320 ; Watts v. Lehman, 107 Pa. 106 ; Benedict v. Marsh, 127 Pa. 309 ; Vail v. Weaver, 132 Pa. 363 ; Bank v. North, 160 Pa. 303.

*William M. Benham,* for appellee.—If the machinery replevied was attached to the freehold and belonged to Hill, the ownership passed to Glasgow under the marshall's deed : Roberts v. Dauphin Deposit Bank, 19 Pa. 71 ; Ott v. Sweatman, 166 Pa. 217 ; Schmaltz v. York Mfg. Co., 204 Pa. 1 ; Witmer's App., 45 Pa. 455 ; Morris's App., 88 Pa. 368 ; Ege v. Kille, 84 Pa. 333 ; Oves v. Ogelsby, 7 Watts, 106.

The matter of intention to annex is usually considered in cases involving the relationship of landlord and tenant and not when the question of vendor and vendee arises, and this intention is inferred from the nature of the article affixed, the relation and situation of the party making the annexation and the policy of the law in relation thereto, the construction and mode of the annexation and the purpose and use for which the annexation has been made : Vail v. Weaver, 132 Pa. 363.

OPINION BY PORTER, J., October 9, 1905 :

The plaintiff brought an action of replevin against S. W.

Hill for a steam engine, dynamo and pump. The Hill Ice Manufacturing Company, a corporation, alleged title to the property, was granted leave to intervene and became a party defendant. The defendants did not file a bond, and the property was delivered to and remained in possession of the plaintiff. The trial resulted in a verdict and judgment for the plaintiff and the Hill Ice Manufacturing Company appeals. The plaintiff alleged title to the chattels acquired through a sale, under a judgment of the circuit court of the United States, against S. W. Hill, by the United States marshal, of a lot of land in the city of Allegheny upon which was erected an ice manufacturing establishment, of the machinery of which the engine, dynamo and pump were, at the time of the sale and the delivery of the deed by the marshal, a necessary part. The appellant averred that the title to these chattels never had been in him, but that the corporation had placed them in the factory, as trade fixtures, while it, the corporation, was operating the factory under an arrangement with him.

Nelson Morris & Company, on July 20, 1898, obtained a judgment in the circuit court of the United States against S. W. Hill, who at that time and for years before owned a lot of land in the city of Allegheny, upon which the judgment became a lien. The buildings erected upon the lot, which were also the property of Hill, were designed and equipped with the necessary machinery for the cold storage business and the manufacture and sale of ice, and had been continuously used for that purpose from the year 1889. The property was sold by the United States marshal, to the plaintiff, on September 3, 1901, and in pursuance of such sale the deed was duly acknowledged and delivered to Glasgow on September 21, 1901. The steam engine, dynamo and pump in question were at that time upon the land, bolted to foundations in the manner usual with such machinery, and were an essential part of the equipment of the ice manufactory and necessary to the purposes for which it was and had been used. With the exception of the chattels here in controversy S. W. Hill owned all the machinery in the establishment. The articles in question had been placed in the manufactory at the following dates, viz.: the steam engine on March 17, 1898, the dynamo on August 3, 1899, and the pump on October 22, 1900. These particular pieces of

machinery had been put into the plant to supply the place of similar machinery owned by Hill, which had been worn out; or, as stated by the affidavit of defense, and quoted by appellant in his argument, " In conducting said business it became necessary for said corporation to purchase said dynamo, one small engine, and one steam pump, the articles replevied, to supply the place of similar machinery owned by Samuel W. Hill, but no longer serviceable, and these articles were placed upon the premises in the usual manner and for the usual purposes for which they were designed and adapted." The engine, dynamo and pump were, on October 1, 1901, by order of S. W. Hill, disconnected from the other machinery, taken from their foundations and removed to an adjoining lot, owned by the wife of Hill. These facts are disputed.

The plaintiff presented evidence which, if believed, warranted a finding that S. W. Hill had personally been in the actual possession and absolute control of the property down to the time of the sale. The appellant presented evidence tending to establish that the Hill Ice Manufacturing Company had applied for and procured a charter from the commonwealth of Pennsylvania on January 17, 1898, to conduct the business of manufacturing, buying and selling ice, that thereupon S. W. Hill had made a proposition to sell the property to the corporation, which the latter accepted and took possession of the property and continued the ice business which had previously been carried on by Hill, but that the consummation of the transaction had been delayed by the litigation with Morris & Company, and the entry of the judgment against Hill had prevented the conclusion of the transaction. The charter of the corporation was not recorded until October 8, 1901, after this writ of replevin had been issued. The appellant presented evidence which, if believed, would have warranted a finding that the chattels in question had been purchased and installed by the Hill Ice Manufacturing Company, while in possession of the premises. This testimony was oral and the principal witness was S. W. Hill, whose testimony was not reconcilable with the manner in which he had carried on the business and dealt with the property, if the testimony of the witnesses produced by the plaintiff was true.

Hill having been the owner of the land and the manufacturing

establishment erected thereon, the machinery here in question being necessary to the operation of the plant and having been put in to supply the place of similar parts of the machinery which had admittedly been the property of Hill, there can be no question that if these specific parts were put in by Hill title to them passed under the sale by the marshal to the plaintiff: Roberts v. Dauphin Deposit Bank, 19 Pa. 71; Witmer's Appeal, 45 Pa. 455; Morris's Appeal, 88 Pa. 368; Ege v. Kille, 84 Pa. 333; Vail v. Weaver, 132 Pa. 363; Bank v. North, 160 Pa. 303; Ott v. Sweatman, 166 Pa. 217; Schmaltz v. York Manufacturing Company, 204 Pa. 1. The facts that the chattels in question were at the time of the sale by the marshal attached to the freehold, connected with the other machinery, and were absolutely necessary to the operation of the plant were undisputed. These facts being admitted, the burden was upon the appellant to produce evidence to establish that this machinery was not a part of the realty and that it was intended all along that it should not be so. The learned judge of the court below affirmed the fourth point submitted by the defendant, and so instructed the jury, that if the machines in question were purchased, paid for and owned by the Hill Ice Manufacturing Company, were used for the purpose of its business and trade and were set in place with the intention not to make them part or parcel of the realty the verdict must be for the Hill Ice Manufacturing Company. This fairly submitted to the jury the only question involved under the testimony, and the general charge is not in conflict with this specific instruction.

The contention of the appellant, that the court should have given binding instructions in favor of the defendant corporation, cannot be sustained. If the appellant ever did own this property, it had placed it in such a position and so dealt with it that it was in this case bound to produce the evidence of its title. The evidence produced was oral and it was not of such a character as to warrant the court in assuming the facts to be clearly established. The transaction between Hill and the corporation may have been entirely honest, but there were circumstances connected with it and the business was conducted in such a manner as to make it subject to suspicion. The question of the ownership of the property by the corporation was

for the jury, and it was fairly submitted to their considera-
tion.

The jury having found that the appellant did not own the
property, and there being no error in the instructions under
which that result was reached, it is not necessary to consider
the specifications of error which go only to the measure of
damages.

The judgment is affirmed.