## MOORE–MANSFIELD CONSTRUCTION CO. *v.* ELECTRICAL INSTALLATION COMPANY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF INDIANA.

No. 358.   Argued May 5, 1914.—Decided June 22, 1914.

A case otherwise within the jurisdiction of the District Court of the United States and reviewable in the Circuit Court of Appeals is not a case which may come direct to this court under § 238, Judicial Code, merely because in the course of the case a question has arisen as to whether a change in decision of the state court as to the effect

and scope of a state statute amounts to an impairment of the obligation of a contract.

Courts of the United States are courts of independent jurisdiction; and when a question arises in a United States court as to the effect of a change of decision which detrimentally affects contracts, rights and obligations entered into before such change, such rights and obligations should be determined by the law as judicially construed at the time the rights accrued.

Federal courts in such a case, while leaning to the view of the state court, in regard to the validity or the interpretation of a statute, should exercise an independent judgment and not necessarily follow state decisions rendered subsequently to the arising of the contract rights involved.

Where the District Court errs in following later decisions of the state court rather than those rendered prior to the making of the contract, the error may be corrected by the Circuit Court of Appeals or by this court under writ of certiorari but not by direct appeal to this court.

A change in decision of the state court in reference to the scope of a state statute *held*, in this case, not to be a law impairing the obligation of a contract.

THE facts, which involve the jurisdiction of this court of direct appeals from the District Court under § 247, Judicial Code, are stated in the opinion.

*Mr. William A. Ketcham* and *Mr. A. S. Worthington* for appellant.

*Mr. C. C. Shirley,* with whom *Mr. W. H. H. Miller, Mr. S. D. Miller* and *Mr. W. H. Thompson* were on the brief, for appellees.

MR. JUSTICE LURTON delivered the opinion of the court.

The primary question concerns the jurisdiction of this court to entertain this as a direct appeal from the District Court.

The decree below was rendered under a general creditors' bill, by which the assets of the Indianapolis, Crawfordsville and Western Traction Company, an insolvent

Indiana corporation, had been impounded, its debts ascertained and the order of payment determined. Among the creditors proving their debts were some claiming liens. One was the Marion Trust Company, trustee under a general mortgage securing an issue of mortgage bonds. Another creditor was this appellant, the Moore-Mansfield Construction Company. That company had, under contract with the Traction Company, constructed a part of its line of railway, and for the balance of its debt claimed a lien upon its property. The decree from which this appeal was taken gave priority to the mortgage and denied to appellant any lien upon the property of the Traction Company and adjudged that its debt as fixed should be paid ratably out of the funds applicable to the payment of general debts.

Counsel for appellant thus states the issue upon this appeal,—"The precise controversy presented by the record is: (a) Has the Construction Company a valid, subsisting enforceable mechanic's lien under the laws of Indiana upon the railway property of the Traction Company? (b) Is such lien senior and paramount to the lien of the trust-deed or mortgage given to secure the outstanding bonds?"

The defense asserted to the mechanic's lien was that there was no statute giving to a contractor for railway construction a lien upon the railway property, and, second, if there existed any such lien, the Construction Company for the purpose of giving security to the holders of the construction bonds had expressly covenanted and agreed to waive and forego whatever right or rights it might have had at the time of the execution of its contract, or which it might thereafter acquire, to claim a lien against the property of the Railway Company under the laws of the State of Indiana.

The court filed no opinion, but the decree recites that "the construction company is not entitled to enforce a

mechanic's lien against any of the property of said defendant traction company in the hands of the receiver of this court or elsewhere, if any; nor against the proceeds thereof, and that no such lien exists."

Thus it is not clear whether the lien asserted was denied because of the waiver referred to or because the statute of Indiana of March 6, 1883, being the statute under which the lien was claimed, did not embrace contractors. Appellant moved the court to amend the decree so as to make it more specific by stating whether it had no lien, because under the law of Indiana a contractor could acquire no such lien, or because it had waived its right to any such lien as contended by the appellee. This motion was denied. We shall assume for the purpose of this case that the lien was denied upon the first ground stated and upon that basis determine whether the case is one which can come direct to this court.

That appellant could have carried this case for review to the Circuit Court of Appeals is plain. The jurisdiction of the District Court under the original bill was based only upon diversity of citizenship. Neither did the contention that in the progress of the case there arose a question claimed to involve the construction or application of the Constitution of the United States deprive the unsuccessful party of the right to go to the Circuit Court of Appeals, where all of the questions would be open to review. But the contention is that the appellant had an election to carry the case to the Circuit Court of Appeals or bring it direct to this court under § 5 of the act of March 3, 1891, 26 Stat. 826, c. 517, now § 238 of the Judicial Code of 1911, as a case "which involves the construction or application of the Constitution of the United States." Shortly stated the contention is, first, that under the decisions of the Indiana Supreme Court prior to the accruing of the rights of this appellant under its contracts, contractors were included within those who might by compliance with

the mechanics' lien statute secure liens; and, second, that the subsequent change of decision by which that court held that contractors were not included in the mechanic's lien law constituted a law which impaired the obligation of its contract within the meaning of the contract clause of the Constitution of the United States. It therefore assigns as error the action of the court below in not declaring the rights of appellant to be as they existed under the line of judicial decisions at the time such rights accrued.

The title of the Indiana act of March 6, 1883 (c. 115), under which appellant claims to have acquired a lien, was "an act concerning liens of mechanics, laborers and materialmen." A provision of the constitution of Indiana, § 19, art. 4, provides that, "every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title." The contention is that for many years contractors had been regarded as entitled to a lien under this act and prior acts having a similar title, though it is conceded that the sufficiency of the title had never been expressly decided. On February 18, 1909, the Indiana Supreme Court in the case of *Indianapolis Northern Traction Company* v. *Brennan*, 174 Indiana, 1, held that the act of 1883 did not include contractors or sub-contractors. The act was not held to have been unconstitutionally enacted, *Wilkes County* v. *Coler*, 180 U. S. 506, nor that contractors and sub-contractors might not have been included among those to whom the privilege of a lien was extended. The decree was confined to the single point that the title did not include contractors. It was therefore a mere construction of the act as not including obligations to contractors as distinguished from obligations to mechanics, laborers and materialmen. This is claimed to have been such a change of decision as to impair the obligation of the contract under which the appellant had constructed

the railway of the Traction Company. Curiously enough, the Supreme Court of Indiana has, pending this appeal, retracted the construction it placed upon the act of 1883 and has held that contractors are within the intent and meaning of the act. *Moore-Mansfield Construction Company* v. *Indianapolis &c. Railway,* 179 Indiana, 536. But a change in the opinion of a court as to the proper construction or scope of statute law of a State is not within Art. I, § 10, of the Constitution of the United States, which provides that "no State . . . shall pass any bill of attainder, *ex post facto* law, or law impairing the obligation of contracts." That provision is a restraint upon the legislative power of the State, and, as was said by this court, "it concerns the making of laws, not their construction by the courts. It has been so regarded from the beginning." *Ross* v. *Oregon,* 227 U. S. 150, 161. There had been no subsequent legislation which in any wise affected liens of contractors.

It has been many times decided that a writ of error will not lie from this court to a state court under § 709, Revised Statutes, on the ground that the obligation of a contract has been impaired by a change in the decision of the court in respect to the meaning and scope of a statute, the validity of which has not been denied. "In order to come within the provision of the Constitution of the United States, which declares that no State shall pass any law impairing the obligation of contracts, not only must the obligation of a contract have been impaired, but it must have been impaired by some act of the legislative power of the State and not by a decision of its judicial department only. The appellate jurisdiction of this court, upon writ of error to a state court, on the ground that the obligation of a contract has been impaired, can be invoked only when an act of the legislature alleged to be repugnant to the Constitution of the United States has been decided by a state court to be valid, and not

when an act admitted to be válid has been misconstrued by the court." *Central Land Company* v. *Laidley,* 159 U. S. 103, 109; see also *Bacon* v. *Texas,* 163 U. S. 207, 220; *Loeb* v. *Columbia Township,* 179 U. S. 472, 493; *National Mutual &c. Assn.* v. *Brahan,* 193 U. S. 635. If, therefore, a mere change of decision by a state court in respect of the meaning and scope of a state statute, not claimed to be invalid or repugnant to the Constitution of the United States, does not constitute an impairment of a contract within the meaning of the contract clause of the Constitution, it must follow that a case otherwise within the jurisdiction of a District Court of the United States and reviewable in the Circuit Court of Appeals, is not a case which may come direct to this court merely because in the course of the case a question arises touching the effect of such a change of decision upon the rights of the parties.

Courts of the United States are courts of independent jurisdiction, and when a question arises in a United States court as to the effect of a change in decision which detrimentally affects contract rights and obligations entered into before such change, such rights and obligations should be determined by the law as judicially determined at the time the rights accrued. In every such case the Federal courts, while leaning to the view of the state court as to the validity or interpretation of a law of the State, will exercise an independent judgment and will not necessarily follow state judicial decisions rendered subsequently. *Burgess* v. *Seligman,* 107 U. S. 20, 33; *Loeb* v. *Columbia Township, supra.*

Under the settled rule it was the duty of the court below when confronted with the question whether appellant had acquired a lien under the act of 1883 to determine for itself the meaning and scope of that act and to declare the rights of that company under the law as it had been judicially determined. The decisions to this effect are

numerous. Some of them are: *Folsom* v. *Ninety-six,* 159 U. S. 611, 624; *Loeb* v. *Columbia Township, supra; Jones* v. *Great Southern Hotel Co.,* 86 Fed. Rep. 370, affirmed by this court, 193 U. S. 532. If the District Court erred in following the later decision of the Indiana court the error could have been corrected by the Circuit Court of Appeals, and the judgment of the latter court might be reviewed by this court under a writ of certiorari. The cases of *Folsom* v. *Ninety-six,* and *Jones* v. *Great Southern Hotel ·Company, supra,* reached this court through the Circuit Court of Appeals, one by a certified request for an instruction, and the other by certiorari.

The right to bring the case to this court from the District Court by a direct appeal depended upon the question whether the decree denying to appellant the lien it claimed under the law of Indiana, "necessarily and directly involved the construction or application of the Constitution of the United States." *Empire &c. Mining Co.* v. *Hanley,* 205 U. S. 225, 232. The change of decision in respect of the scope of the Indiana statutes was not a law of the State impairing the obligation of the contract which is the only basis for the claim that the case is one which involved the construction or application of the Constitution of the United States. We are, therefore, precluded from an examination of the merits of the case, *Cosmopolitan Mining Co.* v. *Walsh,* 193 U. S. 460; *Knop* v. *Monongahela &c. Co.,* 211 U. S. 485, and the appeal

*must be dismissed.*