## In re HIGHLAND SILK CO., Inc.

District Court, E. D. Pennsylvania.
March 12, 1929.

See, also, 41 F.(2d) 405.

Wolf, Black, Schorr & Solis-Cohen, of Philadelphia, Pa., for petitioners.

Harry E. Grim, of Perkasie, Pa., for bankrupt.

KIRKPATRICK, District Judge.

In this case, the referee apparently was of the opinion that, if the machinery, which is the subject of the controversy, was indispensable in carrying on the business of the particular factory in which it was located, it necessarily became a part of the realty. While some of the cases in dealing with the question of machines as fixtures use rather broad language, a careful review of all the Pennsylvania decisions upon the subject makes it clear that the primary and controlling consideration with regard to machinery in manufacturing plants is the same as in the case of any other kind of chattel, namely, the intention of the owner in placing it upon the real estate.

So far as there is any special rule relating to machinery in manufacturing plants, it goes no further than to hold that where the machinery in question is indispensable to the operation of the particular factory, there is a presumption that the intention of the owner in placing it in the factory was to permanently affix it to the building and make it part of the realty. Vail v. Weaver, 132 Pa. 363, 19 A. 138, 19 Am. St. Rep. 598; Glasgow v. Hill, 29 Pa. Super. Ct. 222. Obviously, such presumption is not conclusive. It may be that in a case like Bullock E. M. Co. v. Lehigh Valley Traction Co., 231 Pa. 129, 80 A. 568, where the building is erected and adapted for one purpose only, and the machinery is built into the building as an essential part of the "construction necessary in conducting the business for which the structure was erected," the presumption becomes practically irrebuttable. But this is not the case here. This building was an ordinary factory building adapted for what is known as light manufacturing. Prior to its purchase by the bankrupt, it had been used for manufacturing of an entirely different kind.

There are a number of circumstances which from a cursory reading of the record would appear to have a bearing on the question of intention. The character of the building, as above referred to is one. The method of attachment of the machinery is another. The fact that, at the time the mortgage was given, the owner of the real estate did not own the machinery, and in fact did not acquire title to it until a long time afterward, is another. The terms of the mortgage have been considered in many cases. This mortgage does not purport to cover machinery. The subsequent acts of the parties themselves so far as they bear upon the issue involved

are also proper for consideration. The foregoing suggestions are not meant to be a complete statement of all of the facts which the referee should consider. There may be others.

The referee has made no finding upon the essential question of intention, and apparently given no adequate consideration to the evidence bearing upon it. It is also noted that the record shows there is no order by the referee before the court for review. If one has been made it should be shown.

The referee's conclusion of law is reversed, and the case is re-referred to the referee for further consideration and for findings in accordance with this opinion.

