## In re HIGHLAND SILK CO., Inc.

### COPE v. SELTZER.

#### No. 4185.

Circuit Court of Appeals, Third Circuit.

May 22, 1930.

See, also, 41 F.(2d) 404.

Sidney E. Smith, of Philadelphia, Pa., and Webster S. Achey, of Doylestown, Pa., for appellant.

Sigmund H. Steinberg, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

After the Highland Silk Company was adjudged bankrupt, a contest arose between its trustee and a mortgagee of its plant, as to whether the silk-manufacturing machinery used therein passed to the trustee as personalty or was covered by a mortgage on the plant held by him. By agreement the machinery was sold, the price substituted therefor, and the matter referred to the referee. He took all the proof offered by the parties, and held the mortgagee was entitled to the fund. On certificate, the court, in an opinion reversing the referee, In re Highland Silk Co. (D. C.) 41 F.(2d) 404, said: "In this case, the referee apparently was of the opinion that, if the machinery which is the subject of the controversy, was indispensable in carrying on the business of the particular factory in which it was located, it necessarily became a part of the realty. While some of the cases in dealing with the question of machines as fixtures used rather broad language, a careful review of all the Pennsylvania decisions upon the subject makes it clear that the primary and controlling consideration with regard to machinery in manufacturing plants is the same as in the case of any other kind of chattel, namely, the intention of the owner in placing it upon the real estate."

It further said: "The referee has made no finding upon the essential question of intention, and apparently given no adequate consideration * * * upon it," and thereupon re-referred the case "to the referee for further consideration and for findings in accordance with this opinion."

From the record it appears that on the original hearing the mortgagee's offer of testimony "to substantiate the allegation and contention that the machinery is a fixture and part of the realty and it was placed with

that intention by the bankrupt," was allowed and such testimony as the mortgagee produced was received. On the re-reference hearing, the mortgagee sought to introduce further testimony, but the referee held "that further testimony would be improper at this time unless we were to be shown that it was entirely a new matter that for some reason had not been covered previously." We are of opinion that there was no error in the referee so ruling. The court's order did not instruct him to take further testimony. The mortgagee had, as we have noted, at the prior hearing been allowed to produce testimony on the question of intent. The court has in effect construed the scope of its own order by approving the referee's action. This leaves for consideration the question whether the referee, on the testimony before him, erred in his finding "that it was not the intention of the parties at the time the mortgage was created, that the machinery be subject to the lien of the mortgage."

Without entering into details, we think the proofs and the question involved may fairly be stated as follows: Silk-making machinery, bought on a recorded conditional sales contract, was installed in an ordinary factory loft building, suitable, and previously used, for other light manufacturing purposes. After the buyer subsequently acquired title to the building and land, but before the conditional sales contract money was paid, a mortgage on "all that certain mill and tract of land," without mention of the silk machinery, was given. The machinery was easily severable without injury to the realty and "was of a character which was subject to rapid obsolescence and hence subject to fairly frequent replacement." Under such facts and findings, we are of opinion no error was committed in awarding the fund to the trustee.