### DELAWARE COUNTY NAT. BANK v. MONTGOMERY (ATLANTIC REFINING CO., Intervener).

No. 5647.

Circuit Court of Appeals, Third Circuit.

June 21, 1935.

Paul Lane Ives, of Chester, Pa., for appellant.

Morris W. Kolander, of Philadelphia, Pa., and Raymond E. Zickel, of Media, Pa. (Lutz, Ervin, Reeser & Fronefield, of Media, Pa., of counsel), for appellees.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania. The appellee is the trustee of the bankrupt estate of the Victory Cleaning & Dye Works, Inc. He petitioned for leave to sell machinery and equipment contained in the plant of the bankrupt corporation. The appellant, as owner of a mortgage on the real estate of the corporation, claimed a lien on the machinery and equipment, and objected to the sale for that reason. The referee found that the machinery and equipment were personalty and dismissed the appellant's objection. The District Court affirmed the order of the referee.

In 1928 one Chaiken, who later became president of the bankrupt corporation, executed the mortgage in question and, at the same time, executed a bond and warrant to the appellant. In 1930 the corporation took title to the real estate and all machinery and equipment then on the mortgaged premises. Thereafter it executed its bond and warrant in the nature of a collateral bond. In 1933 it executed a note as additional security. In 1934, as a result of the failure of the corporation to reduce its indebtedness on its note, the appellant issued a sci. fa. sur mortgage on the real

estate; it issued a fi. fa. on Chaiken's bond and levied upon the machinery and equipment as his property; it issued a fi. fa. on the note of the corporation and levied on the same machinery and equipment.

The question to be determined is whether, at the time of its execution, the parties to the mortgage intended the lien of the mortgage to include the machinery and equipment.

In Titus v. Poland Coal Co., 275 Pa. 431, 119 A. 540, 542, the Pennsylvania Supreme Court said: "The Pennsylvania rule is that a chattel placed in an industrial establishment for permanent use, and necessary to the operation of the plant becomes a fixture, and as such a part of the real estate, although not physically attached thereto; in other words, if the article, whether fast or loose, be indispensable in carrying on the specific business, it becomes a part of the realty. * * *"

There is, however, a qualification to the effect that the rule is not applied where a contrary intention is shown. In Commonwealth Trust Co. of Pittsburgh v. Harkins, 312 Pa. 402, 167 A. 278, the intention of the parties is held to be controlling; namely, whether the parties intended to have the lien of the mortgage cover the building and the land only, or the land and the building with the machinery and equipment contained therein. The question whether the machinery is affixed permanently to the realty or barely attached becomes of no importance under this test. See, also, Vail v. Weaver, 132 Pa. 363, 19 A. 138, 19 Am. St. Rep. 598.

The mortgage in the instant case describes the real estate by metes and bounds, but contains no reference to machinery or equipment. It does not describe the character of the plant to be covered by the mortgage. It contains no clue leading to the determination of the issue whether the parties did or did not intend the machinery and equipment to be included as part of the security. It is therefore obvious that the mortgage instrument in itself is of no assistance in determining the intention of the parties. The record does not show affirmatively whether the negotiations leading up to the execution of the mortgage included discussions as to machinery and equipment. The inferences from the testimony negative the existence of an intention to include the machinery and equipment as part of the security of the mortgage. However, in determining the intention of the parties, we are aided by the actions of the appellant subsequent to the execution of the mortgage. The appellant would not have asked that a new mortgage be executed to include the machinery and equipment, had it considered that the original mortgage did so. Nor would it have caused a fi. fa. to be issued, listing the machinery and equipment as part of the personalty, had the sci. fa. sur mortgage been sufficient. It is therefore apparent that the parties did not intend to have the lien on the mortgage include machinery and equipment. See In re Highland Silk Co., Inc. (C. C. A.) 41 F.(2d) 405, affirming (D. C.) 41 F. (2d) 404.

We conclude that the findings of fact of the referee are supported by sufficient evidence and that the decree of the court below should be affirmed.

Decree affirmed.