**In re CHARLES F. DATZ CO., Inc.**

No. 17599.

District Court, E. D. Pennsylvania.

July 9, 1935.

M. J. McEnery, of Philadelphia, Pa., for petitioner.

Edward Davis, of Philadelphia, Pa., for trustee.

KIRKPATRICK, District Judge.

The mortgagee of a manufacturing plant owned by a bankrupt corporation petitioned the referee for an order directing the trustee to pay to it the amount realized from the sale of certain machinery, tools, and equipment upon the mortgaged premises. The referee dismissed the petition and his order is here for review. The question involved is whether the machinery in question was subject to the lien of the mortgage.

The law for the federal courts of this Circuit is definitely settled by the decision of the Circuit Court of Appeals in Re Highland Silk Company, 41 F.(2d) 405, in the course of which the court approved the opinion of the District Court upon an earlier phase of the matter, not directly appealed from, reported in Re Highland Silk Company, 41 F.(2d) 404. The referee correctly applied the principles of these two cases, but it may be as well to restate them with reference to the facts of the present case, because the scope of the lien of a mortgage upon a manufacturing plant **is a** question

of great importance and frequent occurrence—usually litigated and not always understood.

■ First. The owner of the plant may, if he desires, subject to the lien of a mortgage upon the real estate all of the equipment of the plant, indispensable in carrying on the specific business, "fast or loose," without regard to the manner of its attachment or whether it is attached at all.

■ Second. This may be done by an express provision in the mortgage, in which case no question can possibly arise. But in many cases the mortgage does not expressly cover such equipment. Unless it expressly excludes it, there is always the question whether it was intended to cover it. This is really a matter of interpretation of the mortgage, to be considered in the light of all the circumstances, and is ultimately a fact question although sometimes treated as a mixed question of fact and law. The controlling factor is the intention of the mortgagor at the time the mortgage was issued.

■ Third. In arriving at the intention of the mortgagor, the inquiry is not limited to the facts immediately surrounding the execution of the mortgage, but may be carried back to the point of time when the equipment was placed in the plant. The nature of the equipment, the manner of its attachment, whether or not it is an integral and necessary part of the entire establishment, whether it has been renewed from time to time and substitutions made are all evidentiary and bear upon the question whether the intention was to subject it to the lien of the mortgagee. It is a logical and frequently persuasive argument that where personal property has been treated from the beginning as though it were a part of the real estate and is an indispensable part of the entire property the owner must have had the intention to subject it to the lien of whatever mortgage might be made.

This is what was meant in the opinion of this court in the Highland Silk Case when it was said: "The primary and controlling consideration with regard to machinery in manufacturing plants is the same as in the case of any other kind of chattel, namely, the intention of the owner in placing it upon the real estate." The court was there considering a mortgage which did not expressly include equipment. It was not intended to limit the inquiry to the intention at the time of installing it, but, naturally, where there are no facts surrounding the execution of the mortgage from which the intention can be derived, the circumstances of the installation and placing of the equipment in the plant and the intention of the owner at that time do become controlling considerations.

■ In the case now before the court the mortgage did not expressly cover machinery, tools, and equipment. The mortgage was upon the real estate, "together with all and singular, the buildings * * * improvements * * * and appurtenances. * * *" It is stated in the referee's opinion that in the Highland Silk Case the mortgage contained the same language. In the Highland Silk Case this court said, "This mortgage does not purport to cover machinery," and the Circuit Court of Appeals apparently took the same view. In other words, our holding was and is that the words "improvements" and "appurtenances" do not constitute an express mortgage of machinery, tools, and equipment. Whether or not they cover them by implication depends upon the evidence of intention in each case.

It is argued that this is in conflict with the opinion of the Supreme Court of Pennsylvania in Commonwealth Trust Company of Pittsburgh v. Harkins, 312 Pa. 402, 167 A. 278, 281. But what the Supreme Court said in that case was, "Building and appurtenances under the situation before us would include all machinery and fixtures going to make up the establishment as a completed plant." In the Highland Silk Case this court held that under the situation before it those words would not include machinery and fixtures. The referee in the present case also found that "building and appurtenances," under the situation before him, did not include machinery and fixtures. This finding was supported by the evidence which need not be here detailed and is affirmed.

The order of the referee is affirmed.