## MEDICAL ARTS BLDG. CO. v. MINNESOTA LOAN & TRUST CO.

## SAME v. NORTHWESTERN NAT. BANK & TRUST CO. OF MINNEAPOLIS.

### Nos. 10100, 10101.

Circuit Court of Appeals, Eighth Circuit.
Aug. 30, 1935.

Rehearing Denied Oct. 10, 1935.

Harry S. Carson, of Minneapolis, Minn. (Arnold L. Guesmer, William E. MacGregor, and Donald F. Pratt, all of Minneapolis, Minn., on the brief), for appellant.

Harold G. Cant, of Minneapolis, Minn. (Kingman, Cross, Morley & Cant, of Minneapolis, Minn., on the brief), for appellees.

Before WOODROUGH and FARIS, Circuit Judges, and DONOHOE, District Judge.

DONOHOE, District Judge.

Two actions were commenced against the Medical Arts Building Company, in which judgments were sought for certain installments of ground rent, alleged to be due the owner of certain real estate being used and occupied by that company. Judgments were rendered in favor of the plaintiffs on the pleadings. Appeals have been duly prosecuted. The actions have been consolidated for purposes of argument and submission to this court. The facts are identical in both actions and, as established by the pleadings, may be summarized as follows: On May 5, 1925, appellee, as trustee under the last will and testament of Stephen G. Harris, as owner in fee of the real estate involved, made a valid written lease on the premises for the term of 99 years, with the Capitol Realty Company, an Iowa corporation, as lessee. Under the terms of the lease, the

lessee agreed to pay the lessor cash rentals in the amount of $10,000 per year for eight and one-half years, or from February 1, 1928, to July 31, 1936, payable in advance, in equal quarterly installments of $2,500, with interest at 6 per cent. on overdue payments.

On the execution of the lease, possession was delivered, and the lessee continued in possession until March 1, 1928, when it turned the possession over to one Mansfield, in accordance with a contract to assign the lease to him upon completion of installment payments in the total sum of $30,000. Mansfield, by his agreement, assumed and agreed to perform all of the terms, covenants, and conditions of the lease.

On October 8, 1928, Mansfield and wife entered into a contract with the appellant, assigning and conveying their rights under the lease, and the appellant, in consideration of the assignment, agreed to make all payments which Mansfield had agreed to make to the Capitol Realty Company, and assumed and agreed to perform all of the terms, covenants, and conditions of the original lease. Possession was delivered at the time, and appellant has ever since been in possession, using and enjoying the property. The lease and the foregoing assignments were duly recorded.

In the Mansfield assignment, which the appellant executed, and under which he took possession, there was a warranty made by the Capitol Realty Company that upon payment of $30,000 by Mansfield, or his assigns, Capitol Realty Company would execute and deliver to Mansfield, or his assigns, an instrument sufficient to convey good, complete, and sufficient title to its leasehold interest. That about June 17, 1929, Capitol Realty Company was dissolved as a corporation in Iowa, without having executed to any one any instrument of any kind, conveying or purporting to convey, or empowering any one to convey, to any one said leasehold interest, or the title to the building.

The appellant made the following payments: $22,000 of the $30,000 purchase price to Capitol Realty Company; $49,166 to appellee for rent; $21,533 taxes on the leasehold property, which the tenant was required to pay under the lease, not including the rentals involved herein.

The appellant erected on the leasehold premises a boiler house and equipment, which cost the appellant and enhanced the property in the sum of more than $100,000. No claim is asserted that the boiler house was erected under any agreement with the appellee.

Rental installments of $2,500 each became due under the lease on August 1 and November 1, 1933, and February 1, 1934. These being unpaid, appellee brought suit to recover the judgments, which are here involved.

The contention of the appellant is that the dissolution of the Capitol Realty Company disabled it forever from performing its agreement to assign the lease to Mansfield, upon payment of the agreed consideration, and that in consequence there has been a failure of consideration, affording it a complete defense to these actions. This identical question, on similar pleadings, in an action between the same parties, was presented to the Supreme Court of the State of Minnesota. Minnesota Loan & Trust Co. v. Medical Arts Building Co., 192 Minn. 6, 255 N. W. 85. That court held that the Medical Arts Building Company was liable for rent on two grounds: First, it was liable under the provisions of section 8189, Mason's Minn. St. 1927; and, secondly, it was liable as an equitable assignee of the lease. Upon rehearing, the court withdrew that portion of its opinion, which based the liability on the provisions of the statute above cited. This it did upon the authority of that court's decision in the case of McLaughlin v. Minnesota Loan & Trust Co., 192 Minn. 203, 255 N. W. 839; but the court adhered to the second ground of its former decision, and placed its affirmance solely upon that ground. The decision was rendered on June 1, 1934, and the supplemental opinion withdrawing the first ground assigned was rendered on June 29, 1934. This decision, it appears, was the first decision rendered on this question in the state of Minnesota, and was not rendered until after the lease and contracts involved in this case were executed, and after the rent sued for had accrued, and until after each of the actions involved in this appeal were instituted. Consequently, it is urged by appellant that the decision of the Minnesota court is not binding upon this court, that it should be disregarded, and that it is the duty of this court to exercise its own independent judgment concerning the rights of the parties. It is well recognized that where certain

rules relating to real property have been established by state decisions, before the rights of the parties accrue, federal courts are bound to accept and abide by them as authoritative declarations of the law of the state. But where no local rule of property has been declared at the time the rights of the parties accrued, it is not only the right but the duty of the federal court to exercise its independent judgment in the matter, as it does in questions of commercial law, or general jurisprudence. But if a local rule of property is established by decision of the state court, subsequent to the transaction out of which the rights and duties of the parties arise, for the sake of harmony and to avoid confusion, the federal court should always lean to an agreement with the state court if the question involved is balanced with doubt.

In the case of Kuhn v. Fairmont Coal Co., 215 U. S. 349, 30 S. Ct. 140, 143, 54 L. Ed. 228, the Supreme Court, in considering this proposition, said: "So, when contracts and transactions are entered into and rights have accrued under a particular state of the local decisions, or when there has been no decision by the state court on the particular question involved, then the Federal courts properly claim the right to give effect to their own judgment as to what is the law of the state applicable to the case, even where a different view has been expressed by the state court after the rights of parties accrued. But even in such cases, for the sake of comity and to avoid confusion, the Federal court should always lean to an agreement with the state court if the question is balanced with doubt." To the same effect is the holding in the following cases: Burgess v. Seligman, 107 U. S. 20, 2 S. Ct. 10, 27 L. Ed. 359; Hawks v. Hamill, 288 U. S. 52, 58, 53 S. Ct. 240, 77 L. Ed. 610; Trainor Co. v. Aetna Casualty & Surety Co., 290 U. S. 47, 54, 54 S. Ct. 1, 78 L. Ed. 162; Edward Hines Yellow Pine Trustees v. Martin, 268 U. S. 458, 463, 45 S. Ct. 543, 69 L. Ed. 1050; Chicago, M., St. P. & Pacific R. Co. v. Risty, 276 U. S. 567, 570, 48 S. Ct. 396, 72 L. Ed. 703; Odegard v. General Casualty & Surety Co. (C. C. A. 8) 44 F.(2d) 31, 37; Mid-Continent Petroleum Corp. v. Sauder (C. C. A. 10) 67 F. (2d) 9; Fordson Coal Co. v. Kentucky River Coal Corp. (C. C. A. 5) 69 F.(2d) 131.

It may be readily conceded that this court is not bound by the decision of the Supreme Court of Minnesota, but may exercise its independent judgment upon the merits of the case. In the exercise of its independent judgment, however, this court should accord to the declaration of the state court the respect it commands. While a strict duty to follow the local rule as announced may be lacking, comity and a desire for uniformity demand that we abide by the state decision, unless extraordinary circumstances and freedom from doubt require deviation.

In Hawks v. Hamill, supra, the Supreme Court clearly stated the force and effect to be given a state decision announcing a rule of property subsequent to the transaction out of which the rights of the parties arose. Mr. Justice Cardozo, speaking for the court, said:

"We are urged by the respondents to exert a power of independent judgment though the law to be interpreted be a constitution or a statute, and not merely the form of law which has come to be spoken of as general. Cf. Burgess v. Seligman, 107 U. S. 20, 2 S. Ct. 10, 27 L. Ed. 359. The power, we are told, exists because at the grant of these franchises in 1911, the courts of Oklahoma had not yet spoken as to the meaning of the Constitution by defining the 'perpetuities' within the zone of its restraints. Kuhn v. Fairmont Coal Co., 215 U. S. 349, 30 S. Ct. 140, 54 L. Ed. 228; Moore-Mansfield Construction Co. v. Electrical Installation Co., 234 U. S. 619, 625, 34 S. Ct. 941, 58 L. Ed. 1503; Edward Hines Yellow Pine Trustees v. Martin, 268 U. S. 458, 463, 45 S. Ct. 543, 69 L. Ed. 1050. Obedience is due to the courts of the state if the decisions claiming fealty are so many and unequivocal as to make out a 'rule of property.' Edward Hines Yellow Pine Trustees v. Martin, supra, 268 U. S. 458 at pages 463, 464, 45 S. Ct. 543, 69 L. Ed. 1050. As to this there is no denial. The argument is that the fetters of obedience are released when there is only a single state decision, and this subsequent to the transaction out of which rights and duties have developed. Kuhn v. Fairmont Coal Co., supra; Edward Hines Yellow Pine Trustees v. Martin, supra. One hurdle, it is said, will be overlept if there are no barriers beyond.

"Choice is not so free as the argument assumes. If the single decision interpreting a constitution or a statute is clear and unequivocal, submission to its holding has developed in these days into a practice so

nearly uniform that there is little need to consider whether under pressure of extraordinary circumstances there is a privilege to deviate. Whatever doubt as to the practice may have prevailed in days gone by has been dispelled by recent judgments. Chicago, M., St. P. & P. R. Co. v. Risty, supra; People of Sioux County v. National Surety Co., supra [276 U. S. 238, 48 S. Ct. 239, 72 L. Ed. 547]. Indeed, the radiating potencies of a decision may go beyond the actual holding. A wise comity has decreed that deference shall at times be owing, though there may be lacking, in the circumstances, a strict duty of obedience."

Under the contract to assign the lease the appellant acquired an equitable interest in the leasehold. Boston El. R. Co. v. Grace & Hyde Co. (C. C. A. 1) 112 F. 279; Tiffany, Landlord and Tenant, § 156, p. 959. By its terms it assumed to perform and discharge the covenants binding upon the lessee, including the covenant to pay rent. Under it, the appellant has enjoyed free and continuous possession. It has erected substantial improvements upon the property, and it has discharged the covenants in the lease, including the payment to the appellee of the installments of rental specified therein for almost four years, succeeding the dissolution of the Capitol Realty Company; nevertheless it now contends that since the dissolution of that company, no one exists to whom there is any obligation to pay rent for the peaceable and continued possession it has enjoyed.

While it has been stated by Mr. Tiffany, in his eminent work on Landlord and Tenant, that in the absence of a legal assignment, there is no liability on the covenants of a lease, he likewise recognizes that there is authority to the effect that an equitable assignee in possession is liable for the rent. 1 Tiffany, Landlord and Tenant, § 158, p. 972; 36 Cor. Jur. p. 376; Astor v. Lent, 19 N. Y. Super. Ct. 612; Mead v. Madden, 85 App. Div. 10, 82 N. Y. S. 900; Noble v. Thayer, 19 App. Div. 446, 46 N. Y. S. 302; Frank v. New York, L. E. & W. R. Co., 122 N. Y. 197, 25 N. E. 332; People v. German Bank, 126 App. Div. 231, 110 N. Y. S. 291; Wickersham v. Irwin, 14 Pa. 108.

The Minnesota Supreme Court has chosen to adhere to the principle that an equitable assignee in possession is liable for the rent accruing during such possession. For this court to deviate therefrom would invite disharmony and invoke confusion—the very things which the courts have held should be avoided. A "wise comity" requires a deference to the policy announced by the state court.

The judgments of the lower court will therefore be affirmed.