### KENNEDY et al. v. CRUMLISH.
#### No. 5781.

Circuit Court of Appeals, Third Circuit.

Sept. 10, 1936.

Ulric J. Mengert and Montgomery & McCracken, all of Philadelphia, Pa., for appellants.

Wm. E. Lingelbach, Jr., of Philadelphia, Pa., Samuel A. Montgomery, of Media, Pa., and Arthur Littleton, of Philadelphia, Pa. (Morgan, Lewis & Bockius, of Philadelphia, Pa., of counsel), for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from an order of the District Court allowing the appellee to sell certain machinery as the personal property belonging to the bankrupt estate. The order of the District Court reversed the order of the referee in bankruptcy. The appellants object to the proposed sale on the ground that the machinery had become a part of the realty, and as such was subject to the liens of two mortgages which they hold as assignees of John M. Kennedy, Jr.

John M. Kennedy, Jr., owned some unimproved real estate on the corner of Eightieth street and Laycock avenue in Philadelphia. Arthur J. Hedden and Harold Zayotti entered into an agreement with Kennedy, by the terms of which he was to erect a shoddy factory, and to sell the same to Hedden and Zayotti. The building was constructed with particular reference to the needs of the factory. On January 2, 1923, the building being completed, Kennedy transferred the title of the property to Catherine A. Hutchinson. She executed a first mortgage on the property for $12,600 to Kennedy and then transferred the prop-

erty to Hedden and Zayotti. Several months later it became necessary to erect another building and another mortgage in the sum of $13,230 was executed by Hedden and Zayotti to Kennedy to finance the construction of this second building. Both mortgages covered the same property. At the time of execution of the first mortgage no machinery had been installed, but at the time of the execution of the second mortgage machinery had been installed and the business was in operation. The mortgages made no specific reference to machinery, but contained the following clause: "All that certain lot or piece of ground with the buildings and improvements thereon erected * * * Together with all and singular the buildings and improvements thereon erected, ways, waters, water courses, rights, liberties, privileges, improvements, hereditaments and appurtenances whatsoever thereon, belonging to or in any wise appurtaining and the Reversions and the Remainders, Rents, Issues and Profits thereof."

On November 3, 1926, Hedden and Zayotti conveyed the property to A. H. Zayotti & Co., Inc., which has since been adjudged bankrupt. The mortgages were, on September 12, 1923, conveyed to the appellants under a deed of trust.

The machinery involved in this controversy includes practically all of the machinery used in this business as a going concern. Certain items were so installed that they could not be removed without substantial damage to the buildings. An example of such installation is the Robbins and Meyers 10 H. P. A. C. motor which was attached by being bolted to beams which were in turn bolted to the rafters, and removal would weaken the entire structure. Other examples include the Howe platform built-in scales and the motor end of the baling press which are both set into the concrete floor. Many other pieces are attached to the concrete floor by log screws and expansion bolts, such as the shoddy cards and the rag pickers. Some of the machinery could not be removed without damage to the machines themselves, such as the motor of the all-steel power baling press, which itself is fastened to beams embedded into the concrete floor and is very heavy. The buildings were specially erected to accommodate this particular type of machinery used in this kind of business. The value of these buildings for any other use would be much less than their value for the purpose for which they were erected.

The intention of the parties, which, when not expressly stated, must be ascertained from their relation, from what they did and said, and from the character of the property and the use for which it was intended, determines whether the property under such circumstances as here exist is real or personal. Unfortunately, however, parties starting a business are usually optimistic as to the future and often fail to make any specific agreement in the matter. They either cannot, or will not, see a collapse of their scheme. The present case illustrates the general rule.

When the intention of the parties is not clear, the law under certain circumstances presumes the existence of intention. For example, where the machinery is more or less permanently attached to the buildings, or where the machinery is essential to the business as a going concern, or where the buildings were constructed particularly for this machinery and removal would injure either its intrinsic value or its physical condition or both, the law presumes that the machinery was intended to remain there permanently as part of the realty. While this presumption may be rebutted, yet under such facts as those stated above, it is practically irrebuttable. Bullock Electric Mfg. Company v. Lehigh Valley Traction Company, 231 Pa. 129, 80 A. 568. In the case of In re Highland Silk Company, Inc. (D.C.) 41 F.(2d) 404, Judge Kirkpatrick said: "Where the building is erected and adopted for one purpose only, and the machinery is built into the building as an essential part of the 'construction necessary in conducting the business for which the structure was erected,' the presumption becomes practically irrebuttable." The facts in that case were strikingly like those in the case at bar. The law presumes that the intention of the parties was that the machinery should be a part of the realty. The appellee did not disprove that intention. The evidence brings the case squarely within the authority of the cases of Commonwealth Trust Company v. Harkins, 312 Pa. 402, 167 A. 278 and Union Building Company of Pennsylvania v. Pennell et al., 78 F.(2d) 959 (C.C.A.3).

The decree of the District Court is reversed, with directions to dismiss the exceptions to the order of the referee in bankruptcy.