In re AMERICAN PILE FABRIC CO.
IDEAL BUILDING & LOAN ASS'N v.
BATEMAN.
No. 5969.

Circuit Court of Appeals, Third Circuit.
Sept. 22, 1936.

M. Jacob Markmann, of Philadelphia, Pa., for appellant.

Henry Panfil and Moore, Gossling & Panfil, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from a decree of the District Court allowing the appellee to sell certain machinery used as a part of the bankrupt's business. The appellant objects to the sale on the ground that as mortgagee of the realty, it has a first lien upon this machinery, which it alleges has become a part of the realty. The appellee, however, contends that this machinery was the personal property of the bankrupt and did not become part of the mortgaged premises.

In 1921 the American Pile Fabric Company, hereinafter called the Fabric Company, decided to purchase the land and buildings which theretofore it had rented and equipped for its business. In carrying out this plan the stockholders and officers of the Fabric Company formed the Tremont Realty Company. The stock of the Fabric Company was owned by a small group, and all but one of its stockholders became stockholders of the Tremont Company. The officers and directors of both organizations were the same. The purchase of the property for $150,000 was partly financed by a loan of $70,000 from the appellant. The title was taken in the name of Joseph A. Sommer, secretary of the Fabric Company, which title was thereafter transferred to the Tremont Company. The Tremont Company executed a first mortgage on the property to the appellant as security for the loan. It then leased the property to the Fabric Company.

In 1926, it was decided to build and equip a dye house; the dyeing machine being one of the subjects of this controversy. Mr. Lüth, president, and Mr. Powers, treasurer, of both companies, together with Mr. Goodman, all being large stockholders in both companies, negotiated with the appellant and obtained another loan of $50,000 for this purpose. The Tremont Company executed a second mortgage on the premises to secure this loan. The appellant considered the Fabric Company and the Tremont Company as one in the enterprise. The dye house was erected, and the machinery installed with these funds.

In 1932, the indebtedness to the appellant was reduced to $42,000. The old mortgages were canceled and the Tremont Company gave a new first mortgage on the premises to the appellant for this amount. This mortgage is in the usual form and covers, not only the land, but also "the machinery, engines, boilers, dynamos, shafting, belting, fixtures, tools and appliances, sprinkler systems, if any, heating and lighting fixtures in or about the buildings erected on the above described tract of land."

The lease from the Tremont Company to the Fabric Company is in the usual form and contains the following clauses:

"All alterations, partitions, additions, or improvements, which may be made by either of the parties hereto upon the premises, except movable office furniture other than partitions, put in at the expense of the Tenant, shall be the property of the said Landlord, and shall remain upon and be surrendered with the premises, as a part thereof, at the termination of this lease. * * *"

"The Scotch Marine boiler in building No. 16–A and the Water Softener Building and Water Tank near building No. 4 are the property of American Pile Fabric Company, Lessee; and said Lessee shall be considered the owner thereof during the term of this lease and any renewal thereof or any subsequent lease; and said Lessee shall have the right to remove said property during the term of its tenancy or within a reasonable time thereafter. If the Lessee does not remove said property within a reasonable time after it shall cease to be a tenant, then the same shall become the property of the Lessor."

"This lease shall be subordinate to any mortgage or mortgages which shall, at any time, or from time to time, be placed upon said premises, or any part thereof."

There are no other provisions in the lease relating to the status of the fixtures and machinery in the Fabric Company plant. There was evidence before the referee that the Fabric Company had sold some of its machinery and equipment and had purchased other machinery and equipment as its needs required without the ap-

proval or dissent of either the appellant or the Tremont Company.

The Fabric Company was adjudicated a bankrupt on July 9, 1934.

The machinery which is the subject of this controversy consists of two Tonner Plush looms, one forty-spindle Foster winder, and one six-bowl warp dyeing machine with motors, pumps, and tanks, complete.

The real question at issue here is whether or not this machinery upon its installation became part of the real estate or whether it remained the personal property of the Fabric Company. If it became part of the real estate, it was subject to the mortgage lien. If it remained the personal property of the Fabric Company, its trustee in bankruptcy has the right to sell it.

Under the law of Pennsylvania, which controls this case, the intention of the parties determines whether machinery installed in manufacturing establishments becomes a part of the realty or remains the personal property of the lessee. Commonwealth Trust Company v. Harkins, 312 Pa. 402, 167 A. 278; Union Building Company of Pennsylvania v. Pennell et al. (C.C.A.) 78 F.(2d) 959.

In determining what the parties intended, their actions as evidenced by their contracts, the permanence of the installation of the machinery, and the nature of the machinery and its relation to the concern as a going business must, among other things, be considered. Union Building Company of Pennsylvania v. Pennell et al., supra.

The referee has pointed out that "had * * * the bankrupt * * * been the registered and actual owner of the mill property upon which the machinery and equipment were located and used and had the bankrupt company created the mortgage held by the Ideal Building and Loan Association, the determination of the issues herein involved would have been free from difficulty, and under the authority of Commonwealth Trust Company v. Harkins, 312 Pa. 402, 167. A. 278, * * * the right of the Trustee herein to sell the property in question would · be denied." This finding is amply sustained by the evidence. The mortgage specifically covered the machinery, tools, etc., the dyeing apparatus presented the "practically irrebut-

table" presumption that it was intended to become a part of the realty, since it was installed in a building specially constructed for that purpose (Bullock E. M. Co. v. Lehigh Valley Traction Co., 231 Pa. 129, 80 A. 568), and the other items of machinery in question were, according to the testimony, essential to the efficient operation of the business. All the evidence in this case indicates that the parties intended to attach the machinery permanently to the building and make it a part thereof. In re Highland Silk Co. (D.C.) 41 F.(2d) 404; Titus v. Poland Coal Company, 275 Pa. 431, 119 A. 540; Commonwealth Trust Company of Pittsburgh v. Harkins, 312 Pa. 402, 167 A. 278.

The referee, however, goes on to say that since the Fabric Company, as a distinct and separate corporate entity from the Tremont Company, had not approved, ratified, consented, or had anything to do with the execution of the mortgage, it was therefore not bound by the terms thereof. This distinction also formed the major premise of the opinion of the District Court. This proposition does not seem sound, for it was decided in Isman v. Hanscom, 217 Pa. 133, 66 A. 329, 330, that machinery installed subsequent to the execution of the lease is within the terms, "alterations, additions, and improvements." Thus it would, under the terms of the lease, in the case at bar, become the property of the Tremont Company as lessor and, therefore, subject to the mortgage. The fact that the Fabric Company as lessee reserved title to certain specified machinery not only substantiates that conclusion, but inferentially indicates that other machinery, title to which was not reserved in the Fabric Company, was considered to be the property of the Tremont Company as lessor. Furthermore, though the Fabric Company as a corporation did not participate in the execution of the mortgage, it as lessee agreed in the lease that it was subject to "any mortgage * * * which shall at any time * * * be placed upon said premises, or any part thereof." It had full knowledge of the terms of the mortgage which was placed upon the premises, since its officers, acting as the officers of the Tremont Company, executed the mortgage in question. Thus even if we do not look through the corporate fiction, as the appellant has urged should be done, under the terms of the lease and of the mortgage, and the surrounding cir-

964

cumstances, the property in question was subject to the lien of the mortgage as part of the realty.

The order of the District Court is reversed, and the case remanded to the District Court for further proceedings in accordance with this opinion.