## HOLLAND v. BARTHOLOMEW.
### No. 6215.

Circuit Court of Appeals, Third Circuit.

July 28, 1937.

Rehearing Denied Nov. 2, 1937.

Edred J. Pennell, of Mifflintown, Pa., and Leon H. Fox, of Norristown, Pa., for appellant.

E. Waring Wilson, and Harry J. Alker, Jr., both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from an order of the District Court allowing the appellant, who is trustee in bankruptcy, to intervene in foreclosure proceedings instituted in the state court by the appellee, and vacating its previous order which .enjoined the appellee from further prosecuting that suit.

The appellant contends that certain machinery and office equipment used in the mortgaged property belonged to the estate of the debtor, Owners' Mutual Tire Factories, Inc., free and clear of the mortgage lien, and therefore the appellee should not have been allowed to continue the foreclosure proceedings.

He bases this contention upon certain decrees of the District Court entered in 1925 and 1926 in the receivership proceedings of the Hydro United Tire Company. These decrees directed and confirmed the sale of property described therein as "certain equipment and personal property," "all right, title and interest which the Hydro United Tire Company *may have* in all the machinery located in said plant," and "certain office furniture." He says that these decrees established once and for all that the property sold under them was personal property, and, therefore, is not subject to the mortgage lien.

In 1917 the National Rubber Realty Company owned and executed a $250,000 mortgage on a certain piece of real estate upon which was erected a factory built and equipped for the manufacture of tires. The mortgage also covered all tools, machinery, and equipment then in the plant or later acquired. Thereafter the property was leased to several companies, one of which was the Hydro United Tire Company. This company occupied the premises under a 99-year lease, but in 1922 it went into receivership. The receivers took over the possession and management of the plant. In February, 1925, the Security Trust Company of Pottstown, Pa., then trustee under the mortgage, intervened in the proceedings for the purpose of establishing its right under the mortgage to the machinery and equipment. Thereafter in 1925 property described as "certain equipment and personal property" was sold by the receivers without objection by the Security Trust Company, and the sale was confirmed by the court.

On February 3, 1926, the parties to the proceedings entered into "an agreement of settlement * * * and in pursuance thereof the District Court entered a decree which provided for the sale" of "all right, title and interest which the Hydro United Tire Company *may have* in all the machinery located in said plant" and "certain office furniture."

Though this property, whatever it was, or rather the interest of the Hydro Company in this property, whatever that unexplained interest might have been, was sold, the property remained in the plant and

continued to be used in the manufacture of tires.

Did the above decrees establish the status of this property as personalty regardless of subsequent events? The appellant has not cited a single case in support of his contention. The special master appointed by the District Court to report the facts bearing upon the issue in the case with his recommendations thereon disposed of this contention as follows: "It is true that it was sold as personal property at that sale. It might be contended perhaps that it had that character for an instant, perhaps for a short time after the sale. However, when the same machinery and equipment arrived originally at the premises, to be installed in the plant it was likewise personal property. * * * But under the law of Pennsylvania and the Federal Court, with its installation in the manufactory it became an integral part of the plant, and so subject to the lien of the mortgage. No less happened to it when, after the receivers' sale, it continued on the premises. It inevitably became an integral part of a manufacturing plant, absolutely necessary to the same for its operation as such, unless there is sufficient evidence of a contrary intention. * * * As such it continued to this day. * * * The sale as personal property could not change its being subject to the lien of the mortgage, so long as it remained in the premises as an essential part of the operating plant, and so long as there was no contrary intention."

The District Court entered an order dismissing exceptions, confirming the master's report and vacating its previous order restraining foreclosure proceedings in the state court. From this order an appeal was taken to this court.

The facts in this case amply justify the findings of the special master. The factory was built and equipped for the sole purpose of manufacturing tires. The property involved was an "integral part" of the plant and was "absolutely necessary for its operation." There is no evidence that the Security Trust Company intended to relinquish any of the rights of the mortgagee in this property by consenting to certain decrees in order to facilitate a settlement of the receivership proceedings. The property remained on the premises at all times and was used in the manufacture of tires. The District Court did not err in confirming the special master's report and

in vacating its previous order. Union Building Co. v. Pennell, 78 F.2d 959 (C.C. A.3); Kennedy v. Crumlish, 85 F.2d 665 (C.C.A.3); In re American Pile Fabric Co., 85 F.2d 961 (C.C.A.3).

The order of the District Court is affirmed.